## BRENEMAN v BRENEMAN

Docket No. 78-3747. Submitted June 5, 1979, at Grand Rapids.—
    Decided September 6, 1979.

Plaintiff, Michael B. Breneman, and defendant, Janice M. Brene-
man (Wilcox), were divorced in 1972. The defendant was
awarded custody of the parties' two minor children, Brian and
Jeffrey. In 1975 the trial court modified the original judgment,
permitting the defendant to remove the domicile of the minor
children to Illinois.

On July 19, 1978, while plaintiff was exercising his visitation
rights with Brian in Michigan, the plaintiff filed with the
original trial court a petition for change of custody with respect
to Brian and obtained from the court an *ex parte* restraining
order prohibiting the defendant from attempting to assert
custody over Brian during the pendency of a hearing on the
motion for change of custody. The grounds asserted by the
plaintiff were that the defendant had inflicted and could rea-
sonably be expected to continue to inflict physical and emo-
tional damages upon the person of Brian Breneman. The
defendant made a motion requesting the court to dismiss the
plaintiff's petition, claiming lack of jurisdiction and *forum non
conveniens* under the provisions of the uniform child custody
jurisdiction act. The Kalamazoo Circuit Court, Donald T. An-
derson, J., denied the defendant's motion and continued the
preliminary restraining order until the date set by the court for
hearing the plaintiff's petition for change of custody. At the

REFERENCES FOR POINTS IN HEADNOTES

[1] 42 Am Jur 2d, Infants §§ 28, 29, 33.
  59 Am Jur 2d, Parent and Child § 41.
[2] 42 Am Jur 2d, Infants § 33.
[3] 42 Am Jur 2d, Infants §§ 33-41.
[4] 42 Am Jur 2d, Infants §§ 32, 44-47.
  81 Am Jur 2d, Witnesses §§ 88-93.
  Competency of young child as witness in civil case. 81 ALR2d 386.
[5] 81 Am Jur 2d, Witnesses §§ 90, 81.
  Competency of young child as witness in civil case. 81 ALR2d 386.
[6] 42 Am Jur 2d, Infants §§ 190, 194.

hearing, Brian Breneman, then 11 years old, was permitted to testify over the defendant's objection.

The trial court determined that a change of custody was justified and an order modifying the judgment of divorce and granting custody of Brian to the plaintiff was entered. The defendant appeals, alleging that the trial court erred reversibly in refusing to decline jurisdiction and in permitting Brian to testify and that an award of $400 for attorney fees was unreasonable. *Held:*

1. The trial court was a court competent to make child custody determinations. The uniform child custody jurisdiction act confers on such courts the discretion to decline jurisdiction over a child custody matter if it finds that it is an inconvenient forum and that a court in another state is a more appropriate forum. The trial judge in the custody matter at bar was the same judge who had granted the divorce and who had heard disputes concerning the custody of the child involved and the plaintiff's visitation rights. Also, allegations in the plaintiff's petition coupled with the testimony of the child at the hearing on the defendant's motion for the trial court to decline jurisdiction were sufficient to satisfy the requirement of the *forum non conveniens* section of the act that an emergency existed and that the child had been subjected to mistreatment or abuse. It was not an abuse of discretion for the trial judge to refuse to decline jurisdiction on the basis of *forum non conveniens.*

2. The trial court specifically questioned Brian to determine his competency and ability to tell the truth before permitting the child to testify. There was no abuse of discretion in allowing him to testify.

3. An award of attorney fees in a child custody matter is within the sound discretion of the trial court. There was no abuse of this discretion.

Affirmed.

1. INFANTS — CHILD CUSTODY — JURISDICTION — PHYSICAL PRESENCE IN STATE — EMERGENCY — STATUTES.

A Michigan court which is competent to decide child custody matters has jurisdiction to make a child custody determination where the child whose custody is in issue is physically present in the state and it is necessary in an emergency to protect the child because the child has been subjected to mistreatment or abuse (MCL 600.653[1][c]; MSA 27A.653[1][c]).

2. INFANTS — CHILD CUSTODY — JURISDICTION — CIRCUIT COURT — STATUTES.

A circuit court is competent to determine child custody matters

and may assume jurisdiction under the uniform child custody jurisdiction act (MCL 600.653; MSA 27A.653).

3. INFANTS — CHILD CUSTODY — UNIFORM CHILD CUSTODY JURISDICTION ACT — DISCRETION — STATUTES.

A circuit court which has jurisdiction under the uniform child custody jurisdiction act to make an initial or modification judgment as to child custody *may* decline to exercise jurisdiction if the court finds that it is an inconvenient forum and that a court of another state is a more appropriate forum; a decision whether or not to decline jurisdiction is discretionary with the circuit court (MCL 600.657; MSA 27A.657).

4. INFANTS — CHILD CUSTODY — WITNESSES — CHILD ABUSE.

It was not error for a trial court in a child custody matter to allow an 11-year-old child to give testimony concerning the alleged abuse and mistreatment inflicted upon him by his mother and stepfather.

5. EVIDENCE — COMPETENCE OF WITNESS — CHILD — RULES OF EVIDENCE.

As a general rule an 11-year-old child is competent to testify (MRE 601).

6. INFANTS — CHILD CUSTODY — ATTORNEY FEES.

Attorney fee awards in child custody cases are within the sound discretion of the trial judge.

*Harry Contos, Jr.,* for plaintiff.

*Russell A. Kreis,* for defendant.

Before: R. B. BURNS, P.J., and D. E. HOLBROOK, JR. and B. D. BURDICK,* JJ.

D. E. HOLBROOK, JR., J. Defendant appeals as of right from a September 6, 1978 trial court order modifying a previously entered divorce judgment changing custody of Brian Breneman from defendant to plaintiff.

The parties were divorced in 1972 and custody of the parties' two minor children, Brian and Jeffrey,

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

was awarded to defendant. In 1975 the trial court modified the original judgment permitting defendant to remove the domicile of said minor children to Illinois until such children attained the age of 18 years or until further order of the court.

Following entry of the divorce judgment and prior to July 19, 1978, the trial court heard numerous motions for modifications of the judgment with respect to visitation and change of custody.

On July 19, 1978, and while plaintiff was exercising his visitation rights with Brian, in Michigan, plaintiff filed with the original trial court a petition for change of custody with respect to Brian and obtained from such court an *ex parte* restraining order prohibiting defendant from attempting to assert custody over Brian Breneman during the pendency of a hearing on the motion for change of custody. The grounds asserted by plaintiff were that defendant had inflicted and could reasonably be expected to continue to inflict physical and emotional damages upon the person of Brian Breneman. Specifically it was alleged that Brian had been beaten about the head by defendant with her fists and a paddle, had been slapped by defendant's husband with sufficient force so that he was knocked from a chair to the floor and that as a result of beatings by defendant he had suffered a bloody nose, bumps on his head and a laceration under his eye.

Subsequent to filing the petition for change of custody, defendant moved to dismiss plaintiff's petition claiming lack of jurisdiction and *forum non conveniens* under the provisions of the uniform child custody jurisdiction act. MCL 600.651 *et seq.;* MSA 27A.651 *et seq.*

Hearing was held on July 28, 1979, following which the trial court denied defendant's request to

decline jurisdiction and continued the preliminary restraining order to August 29, 1978, the date set by the court for hearing plaintiff's petition for change of custody.

At the hearing aforesaid, Brian Breneman, age 11 years and 3 months, was permitted to testify over defendant's objection. The boy testified to an incident which occurred on June 22, 1978, where defendant had sent him to his room, followed shortly thereafter, jumped on the bed and proceeded to beat him with a paddle resulting in injuries to his side, bruises on his arms, bumps on his head and a cut underneath his eye. He further testified that during the beating the paddle broke and that defendant continued to strike him with the broken paddle.

Brian further testified that later the same day, when he had a baseball hard-hat on his head and glasses on his face, he was struck by his stepfather with such force that he was knocked off a chair and onto the floor. As a result Brian claimed he was stunned and that his glasses and hat fell off.

Additionally, Brian testified that following a court hearing the previous fall he was called into the house, told to sit on a chair and was struck in the nose by defendant's fist resulting in a bloody nose. Brian also testified that he was fearful to return to his mother's home because he felt similar incidents would subsequently occur.

On August 29, 1978, the trial court heard the testimony of numerous witnesses and, over the defendant's objection, the testimony of Brian Breneman following which the court determined that a change in custody was justified. Pursuant to such determination an order modifying the judgment of divorce and granting custody of Brian to plaintiff was entered on September 6, 1978.

From the above modification judgment defendant appeals, claiming that the trial court reversibly erred in refusing to decline jurisdiction under the uniform child custody jurisdiction act, specifically the jurisdiction section, MCL 600.653; MSA 27A.653, and the *forum non conveniens* section, MCL 600.657; MSA 27A.657. Defendant also claims reversible error occurred because the court, over defendant's objection, permitted Brian to testify and further contends that an award of but $400 for attorney fees was unreasonable. We affirm.

MCL 600.653(1); MSA 27A.653(1) provides in pertinent part as follows:

"A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by * * * modification * * * judgment if any of the following exist."

One provision conferring jurisdiction is found in MCL 600.653(1)(c); MSA 27A.653(1)(c) which provides in pertinent part as follows:

"The child is physically present in this state and * * * it is necessary in an emergency to protect the child because the child has been subjected to * * * mistreatment or abuse."

We find that the allegations contained in the petition for modification coupled with the testimony of the child at the hearing on defendant's motion for the trial court to decline jurisdiction were amply sufficient to satisfy the requirement that an emergency existed and that the child had been subjected to mistreatment or abuse.

That the child was physically present in the state is not open to question since at the time the petition was filed and at the time of hearing on

defendant's motion to dismiss for lack of jurisdiction plaintiff was exercising his visitation rights with said child in Michigan. Moreover the child was still present in Michigan at the time of final hearing on the matter.

Furthermore, it cannot be argued that a circuit court, and especially the same court which granted the divorce judgment, is not a court competent to determine child custody matters.

We hold, therefore, that the trial court did not err in assuming jurisdiction under the provisions of the jurisdiction section of the uniform child custody jurisdiction act. MCL 600.653; MSA 27A.653.

Under the *forum non conveniens* section of the act, MCL 600.657; MSA 27A.657, it is stated that a court which has jurisdiction under §§ 651-673 to make an initial or modification judgment *may* decline to exercise jurisdiction if it finds that it is an inconvenient forum and that a court of another state is a more appropriate forum. By the use of the word *may* it is clear the Legislature intended that the question as to whether to decline jurisdiction on such basis is discretionary with the trial court. Here the trial judge who refused to decline jurisdiction was the same trial judge who heard and granted the original divorce and the same trial judge who on a number of other occasions had heard disputes concerning change of custody and matters relating to visitation rights. In short, the trial judge was extremely familiar with the entire matter and had been for a number of years. He therefore did not abuse his discretion in refusing to decline jurisdiction on the basis of *forum non conveniens*.

With respect to defendant's claim that the trial court erred in permitting Brian, age 11, to testify

in open court defendant refers us to the case of *Burghdoff v Burghdoff,* 66 Mich App 608; 239 NW2d 679 (1976).

In *Burghdoff* the Court stated:

"The foregoing clearly implies that a child who is the subject of a custody dispute, who most likely has already undergone the agony inherent in the breakup of a family unit, should not be subjected to the additional pain of having to testify in open court and be cross-examined as he would be if he were a witness in ordinary criminal or civil litigation." *Id.,* at 613.

However, the Court stated the foreging as it applied to matters concerning the preference of the child. *Id.,* at 612-613. The Court held that policy reasons required that an in-chambers conference be held in order to enable the judge to determine and understand the preference of the child. *Id.,* at 612.

In the instant case, Brian Breneman was not called to testify in order for the trial judge to determine and understand his preference. He was called in order to give testimony concerning the alleged abuse and mistreatment inflicted upon him by his mother and stepfather. Since Brian was the only witness with firsthand knowledge to give his point of view, the trial court did not err in allowing him to testify. The policy considerations of *Burghdoff, supra,* do not apply to the instant case. Defendant's argument is therefore without merit.

Additionally, as a general rule an 11-year-old child is competent to testify. MRE 601 provides that unless the court finds after questioning a person that he does not have sufficient physical or mental capacity or sense of obligation to testify truthfully and understandably, every person is competent to be a witness unless otherwise pro-

vided. In this instance the trial court specifically questioned the child to determine his competency and ability to tell the truth before it permitted him to testify. We find no abuse of discretion on the part of the trial court.

As to defendant's claim that an attorney fee award of $400 is unreasonable we only comment that attorney fee awards are within the sound discretion of the trial judge. *Eigner v Eigner,* 79 Mich App 189; 261 NW2d 254 (1977). Having reviewed the record we find no abuse thereof in the instant case.

Affirmed.