MCCAIN v MCCAIN

Docket No. 201634. Submitted November 5, 1997, at Grand Rapids. Decided March 31, 1998, at 9:10 A.M.

Laura A. McCain obtained a judgment of legal separation from Rodger L. McCain in the Grand Traverse Circuit Court, Thomas G. Power, J., but appealed to challenge the trial court's grant of legal and physical custody of the parties' children solely to the defendant.

The Court of Appeals *held*:

Reviewing the trial court's factual findings under the "great weight of the evidence" standard, its discretionary rulings for abuse of discretion, and its rulings regarding questions of law for clear legal error, the trial court properly concluded that it would be in the children's best interests, MCL 722.23; MSA 25.312(3), to award custody to the defendant.

1. The trial court did not err in weighing factor b, MCL 722.23(b); MSA 25.312(3)(b)—the capacity and disposition of the parties to give the children love, affection, and guidance and to continue the education and raising of the children in their religion—in favor of the defendant in light of the fact that the plaintiff stopped attending the church attended by the children.

2. The trial court did not err in weighing factor c, MCL 722.23(c); MSA 25.312(3)(c)—the capacity of the parties to provide the children with food, clothing, and medical care—in favor of the defendant, who was employed as a nurse anesthetist as compared to the plaintiff who did piecework sewing and alteration despite an ability for more remunerative employment.

3. The trial court did not err in weighing factor h, MCL 722.23(h); MSA 25.312(3)(h)—the home, school, and community record of the child (i.e., Katherine McCain)—in favor of the defendant in light of evidence indicating poor judgment by the plaintiff with respect to Katherine McCain's education.

4. The trial court did not err in determining that a finding against the defendant with respect to factor j, MCL 722.23(j); MSA 25.312(3)(j)—willingness and ability of each of the parties to facilitate and encourage close and continuing parent-child relationships—could not outweigh the other findings with regard to which the defendant was favored or the parties were equal.

Affirmed.

PARENT AND CHILD — CHILD CUSTODY — BEST INTERESTS — APPEAL.
    An appellate court, when reviewing a child custody determination by
    a circuit court in an action for legal separation, examines the cir-
    cuit court's factual findings with respect to the statutory best-
    interests factors under the "great weight of the evidence" standard,
    its rulings regarding questions of law for clear error, and the ulti-
    mate custody decision for abuse of discretion (MCL 722.23, 722.28;
    MSA 25.312[3], 25.312[8]).

*Bowerman, Droste, Bowden, Haring & Moothart, P.C.* (by *Kurt M. Bowden*), for the plaintiff.

*Smith & Johnson, Attorneys, P.C.* (by *Paul T. Jarboe*), for the defendant.

Before: MARKEY, P.J., and KELLY and WHITBECK, JJ.

PER CURIAM. Plaintiff appeals as of right from a judgment of legal separation, challenging the grant of full legal and physical custody of the parties' two daughters, Jennifer Lynnette and Katherine Renee, to defendant. We affirm.

A trial court in a child custody determination must make specific findings of fact regarding each of twelve factors that are to be taken into account in determining the best interests of the child. *Daniels v Daniels*, 165 Mich App 726, 730; 418 NW2d 924 (1988). These factors are set forth in MCL 722.23; MSA 25.312(3). In this case, the trial court found that the parties were equal with regard to eight factors, that defendant prevailed with regard to three factors, one of which the court relied on heavily in its deter-mination, and that plaintiff prevailed with regard to only one. Plaintiff argues that the trial court's conclu-sions regarding the ultimate custody issue were an abuse of discretion, referring to *Fletcher v Fletcher*, 447 Mich 871, 881; 526 NW2d 889 (1994) (opinion of

Brickley, J., joined by Cavanagh, C.J., and Boyle, J.), where a plurality opinion from the Michigan Supreme Court stated, "a court's discretion . . . must be supported by the weight of the evidence." Plaintiff expressly declined to challenge the trial court's factual findings, conceding in her brief that "the trial court's findings of fact are not challenged." Counsel for plaintiff again stated during oral argument before this Court that although he disagreed with some of the factual findings, no error requiring reversal is claimed. Instead, plaintiff urges, the trial court's conclusions misapplied the facts by incorrectly weighing them, which amounted to an abuse of discretion.

In a child custody case, we review the trial court's factual findings under the "great weight of the evidence" standard, its discretionary rulings for an abuse of discretion, and questions of law for clear legal error. *Ireland v Smith*, 451 Mich 457, 463-464, n 6; 547 NW2d 686 (1996).

In determining factor b, "[t]he capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any," MCL 722.23(b); MSA 25.312(3)(b), the trial court focused on a religious dispute between the parties that, in large part, led to the dissolution of the marriage. It was clearly the parties who heavily weighed this religious dispute, not the court. The evidence established that plaintiff stopped attending the Lutheran church and began worshipping at an alternative home church before the separation, and that, after that, both children attended services with her during the marriage, choosing at times to attend with plaintiff rather than with defendant at Trinity

Lutheran. Also, although plaintiff stopped attending Lutheran services, she testified that she was still practicing the Christian religion. We note that the trial court stated: "While others might find the differences between the religious views of these two churches, such as whether baptism should be as an infant or as an adult, to be not very significant, to Rodger and Laura McCain these are matters of great significance." In ruling on factor b, the trial court stated: "Since the parties view the differences between their two churches as being so major, the Court must also." It was proper for the trial court to consider the magnitude of the force that drove the parties apart. Its consequences were not overweighed. Before the religious dispute, this family attended the Lutheran church. Accordingly, it was reasonable for the trial court to consider defendant as more prepared to continue the children in their religion and to give this factor some weight in his favor.

Next, the trial court found that defendant prevailed with respect to factor c, "[t]he capacity . . . to provide the child with food, clothing and medical care . . . ," MCL 722.23(c); MSA 25.312(3)(c), because plaintiff "has shown little inclination to do better than the piecework sewing and alteration which produces a minimal income." We cannot say it was against the great weight of the evidence in this case to determine that plaintiff's actions did not "reflect a disposition to provide for the material needs of the children even though the capacity is clearly present." Plaintiff testified that she was actively searching for a job as a dietitian. She testified that she had sent out thirty-four resumes and had had thirteen interviews in her field. She accepted a sewing job in the interim, and this

provided enough money, $200 a week, for plaintiff to get her own two-bedroom apartment, with enough room for her children, in a "suitable and appropriate" neighborhood. Plaintiff testified that the sewing job was expected to pay more in the future and provided the flexibility for her to spend time with her children, so she would take another job "if there is a better job available and it's workable for my family." Nevertheless, the trial court's opinion that plaintiff should have been able to find better paying work is reasonable on its face in light of plaintiff's education and prior work experience. Further, defendant is a nurse anesthetist who earned $80,000 in 1994. The trial court did not err in weighing factor c in favor of defendant.

The trial court found that defendant prevailed with regard to factor h, "[t]he home, school and community record of the child," MCL 722.23(h); MSA 25.312(3)(h), because the trial court was concerned about plaintiff's judgment regarding Katherine's education. This is a difficult point. The court found that plaintiff favored home schooling for Katherine and stated: "No evidence was presented to show Laura McCain had ever made any of the extensive preparations needed to successfully home school Katie, as she had originally proposed." We may not have placed in the balance the fact that plaintiff made questionable judgments regarding Katherine's schooling when she stipulated that she would not remove Katherine from her school and testified that it was not in Katherine's best interests at that time to home school her because Katherine was doing well in her school. However, our review of the trial court's factual findings is not de novo, but for whether they are against the great weight of the evidence. *Ireland, supra* at 463-

464, n 6.[1] Clearly, plaintiff understood that home schooling would create more conflict with defendant. We note that the trial court also found that plaintiff showed bad judgment by prohibiting Katherine from reading a history novel in school. From our review of the record, plaintiff provided no sound reason for this decision. This Court cannot find the facts "clearly preponderate in the opposite direction" of the trial court's consideration of factor h such that reversal is warranted. MCL 722.28; MSA 25.312(8). It was reasonable to regard plaintiff's actions with regard to Katherine's schooling as reflecting very poorly on her judgment about educational matters. Discretionary rulings are reviewed under a "palpable abuse of discretion" standard and this custody award does not reflect an abuse of discretion.

We note with great concern the test of the trial court's finding regarding factor j, "willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents." The trial court, in what can only be described as scathing language, found:

> Defendant Rodger McCain has reacted to the breakdown in his marriage with amazing vindictiveness and meanness . . . is obsessed with Laura McCain's change in religious view and with his loss of control over her . . . . Mr. McCain's obsession with his wife's change of religion and his lack of control over her, in the opinion of a lay Judge, borders on being a mental disturbance to be considered under factor (g) . . . . This, however, is a clinical determination that is

---

[1] We recognize that some erroneous considerations in addressing the statutory best interests factors may be errors of law reviewed for clear legal error. See *Ireland, supra* at 462-464 & n 6. That is not the case here.

beyond the scope of this Court's expertise. . . . There are a number of incidents, however, which show Rodger McCain will not just fail to facilitate a close relationship between the children and Laura McCain, *he will go out of his way to try to destroy it.* [Emphasis supplied.]

This finding presents this Court with a disturbing problem. Here, defendant prevailed on all factors, other than those factors where the trial court found equivalency, but factor j. In its finding regarding factor j, however, the trial court made it clear that it believed that defendant would attempt to *destroy* the relationship between plaintiff and her children. The issue presented is whether this finding can outweigh the other findings under which defendant prevailed or was found to be equivalent.

It is well, at this point, to reiterate the standards of review applicable in child custody cases. MCL 722.28; MSA 25.312(8) provides:

To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.

Three justices of the Michigan Supreme Court have observed, in *Fletcher v Fletcher, supra* at 877, that

[b]y its terms, § 8 distinguishes among three types of findings and assigns standards of review to each. Findings of fact are to be reviewed under the "great weight" standard, discretionary rulings are to be reviewed for "abuse of discretion," and questions of law for "clear legal error."[2]

---

[2] This decision was later adopted by a majority of the Court. *Ireland v Smith*, 451 Mich 457, 463-464, n 6; 547 NW2d 686 (1996).

The question whether a finding with regard to a single factor can outweigh findings regarding all other factors is a question of law. In a somewhat different setting, this Court has dealt with this question in *Heid v AAASulewski, (After Remand)* 209 Mich App 587; 532 NW2d 205 (1995). In *Heid*, the trial court had changed physical custody of a child from sole custody with the father to joint physical custody. This Court noted that MCL 722.27(1)(c); MSA 25.312(7)(1)(c) precludes a trial court from modifying or amending its previous judgments or orders or issuing a new order so as to change the established custodial environment of a child "unless there is presented clear and convincing evidence that it is in the best interest of the child." *Heid, supra* at 593. Thus, the evidentiary standard or a change in established custodial environment set out in MCL 722.27(1)(c); MSA 25.312(7)(1)(c), that of clear and convincing evidence, is not the same as the standard of review for a question of law set out in MCL 722.28; MSA 25.312(8), that of clear legal error.

Nevertheless, the observations of the Court in *Heid* are helpful here. The Court in *Heid* stated: "[W]e are unwilling to conclude that mathematical equality on the statutory factors *necessarily* amounts to an evidentiary standoff that precludes a party from satisfying the clear and convincing standard of proof." *Heid, supra* at 594 (emphasis in original). The Court went on to say:

> We disapprove the rigid application of a mathematical formulation that equality or near equality on the statutory factors prevents a party from satisfying a clear and convincing evidence standard of proof. We are duty-bound to examine all the criteria in the ultimate light of the child's best interests. [*Id.* at 596.]

*Heid*, we believe, supports—and indeed may even *require*—a conclusion that the statutory best interests factors need *not* be given equal weight. Neither a trial court in making a child custody decision nor this Court in reviewing such a decision must mathematically assess equal weight to each of the statutory factors. However, one cannot find in *Heid* support for the proposition that a finding regarding one factor must completely countervail all the other findings under which the opposing party prevailed or was found equivalent. We conclude, therefore, that the trial court did not commit clear legal error, *Ireland, supra* at 463-464, n 6, when, despite its highly negative view of defendant under factor j, it did not weigh this factor so highly as to overcome all the other factors under which defendant prevailed or was found equivalent.

Similarly, the trial court's findings of fact with respect to each of the factors in question were not contrary to the great weight of the evidence, nor was its discretionary ruling regarding the ultimate custody decision an abuse of discretion.

Affirmed.