[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 186)
 ISSUES
CT Page 936
1. Whether the court has subject matter jurisdiction over the plaintiff's motion to modify custody post-judgment (#183) under the Uniform Child Custody Jurisdiction Act, General Statutes § 46b-93. 2. If the court has jurisdiction, is Connecticut an inconvenient forum to make a custody determination under the circumstances of this case and under the factors set forth in General Statutes § 46b-97?
 FACTS
The marriage of the plaintiff, Pentti Niiranen, and defendant Monica Niiranen, was dissolved by the court, Ballen, J., on March 5, 1997. The court approved a written stipulation of the parties which was incorporated by reference into the judgment of dissolution. Under the judgment, the parties were granted joint legal custody of their three minor children. The defendant mother was awarded physical custody and the plaintiff father was awarded reasonable visitation and specific visitation in accordance with a schedule submitted to the court.
Pursuant to the judgment, neither party could move more than fifty (50) miles from their residence at the time of the stipulation (March 4, 1997), without providing the other party at least sixty (60) days written notice prior to the move.
The defendant moved to Georgia with the children on November 30, 1997, without any apparent opposition by the plaintiff. Although the defendant filed a motion with the court seeking permission to move, it was never acted upon. The plaintiff father currently resides in New York and has lived in New York since the time of the dissolution judgment.
On April 16, 1998, the plaintiff filed a motion to modify custody post-judgment with this court. In response, the defendant filed a motion to dismiss the plaintiff's motion on the following grounds: (1) that this court lacks jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA), General Statutes § 46b-93; and (2) Connecticut is an inconvenient forum to determine whether custody of the children should be modified. The plaintiff filed an objection to the motion to dismiss and a memorandum of law in support of his objection. Both parties filed supplemental memoranda of law in support of their respective positions, all of which this court has thoroughly reviewed. Additionally, the court reviewed the file to determine whether any custody modification motions were pending outside the CT Page 937 state of Connecticut and found that the defendant mother (the plaintiff in the Georgia action) had filed a petition in Georgia which the Honorable Mary E. Stanley dismissed finding "that Connecticut could assume jurisdiction as the home state of the children at the time the plaintiff [father] filed [his] motion in Connecticut or alternatively, Connecticut could assume jurisdiction based upon the parties significant connection with the State of Connecticut and the substantial evidence available in Connecticut regarding the children." (Order of the Superior Court of Cobb County State of Georgia dated October 7, 1998.)
 DISCUSSION
The defendant's motion to dismiss is based on the grounds that this court lacks subject matter jurisdiction under the requirements set forth in General Statutes § 46b-93 and even if the court finds it has jurisdiction, it should decline to exercise jurisdiction under the doctrine of forum non conveniens pursuant to General Statutes § 46b-97. "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it . . . Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. (Citations omitted; internal quotation marks omitted.) Demar v. Open Space Conservation Commission,211 Conn. 416, 423-24, 559 A.2d 1103 (1989)." (Brackets in original.) Doe v. Roe, 246 Conn. 652, 661, (1998).
Pursuant to Practice Book § 10-31 (formerly § 143) a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record."
The questions of whether jurisdiction exists in Connecticut under General Statutes § 46b-93 and whether it should be declined pursuant to General Statutes § 46b-97 "are separate and distinct under the UCCJA which envisages that where concurrent jurisdiction exists, only one state should exercise that jurisdiction. Plas v. Superior Court, 155 Cal.App.3d 1008,1018, 202 Cal Rptr. 490 (1984); Hattoum v. Hattoum, 295 Pa. Super. 169,175, 441 A.2d 403 (1982); see General Statutes § CT Page 938 46b-91(a)(1) and (2); Uniform Child Custody Jurisdiction Act § 3, Commissioners' note, 9 U.L.A. 123 (hereinafter UCCJA § 3, Commissioners' note)." Brown v. Brown, 195 Conn. 98,107, 486 A.2d 1116 (1985).
General Statutes § 46b-93 provides in pertinent part: "(a) A court of this state shall have jurisdiction to make a child custody determination by initial or modification decree if: (1) This state (A) is the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six months before the commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or (2) it is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships; or (3) the child is physically present in this state and (A) the child has been abandoned or (B) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or (4)(A) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivisions (2) or (3) of this subsection, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (B) it is in the best interest of the child that this court assume jurisdiction." Home state is defined as "the state in which the child immediately preceding the time involved lived with his parents, a parent . . . for at least six consecutive months . . ." General Statutes § 46b-92(6). In the present case, the plaintiff filed his motion to modify or "commenced" the proceeding approximately five months after the defendant and the children moved to Georgia. As a result, Connecticut was the home state of the children at the time the proceedings were commenced thereby giving this court subject matter jurisdiction. SeeKioukis v. Kioukis, 185 Conn. 249, 247, 440 A.2d 894 (1981) (concluding that the commencement of the modification proceeding rather than the filing of the initial dissolution proceeding, triggered the starting time for home state determination). CT Page 939
Although this court concludes that Connecticut has subject matter jurisdiction, that does not end the inquiry. The second issue raised by the parties is whether Connecticut is an inconvenient forum under the circumstances of this case. SeeBrown v. Brown, supra, 195 Conn. 106. General Statutes § 46b-97(a) provides: "(a) A court which has jurisdiction under this chapter to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum." The determination of whether the court should decline to exercise jurisdiction under the statute is discretionary. Brown v. Brown, supra, 109. "By the inclusion of the word "may" in that section, the legislature clearly intended that the inconvenient forum issue in UCCJA cases remain discretionary; see Breneman v.Breneman, 92 Mich. App. 336, 342, 284 N.W.2d 804 (1979); as is the common law forum non conveniens principle. Piper Aircraft Co.v. Reyno, 454 U.S. 235, 257, 102 S.Ct. 252, 70 L.Ed.2d 419
(1981), reh. denied, 455 U.S. 928, 102 S.Ct. 1296, 71 L.Ed.2d 474
(1982); Gulf Oil Corporation v. Gilbert, supra, 509; Cady v. Hartford Fire Ins. Co., 56 Ill. App.2d 429, 433, 206 N.E.2d 535
(1965); Silver v. Great American Ins. Co., 29 N.Y.2d 356, 361,278 N.E.2d 619, 328 N.Y.S.2d 398 (1972). This discretion must be exercised in accordance with the overall purposes of the UCCJA; see General Statutes 46b-91; which have been summarized by some courts as consisting of the elimination of jurisdictional fishing with children as bait. Wheeler v. District Court, 186 Colo. 218,220, 526 P.2d 658 (1974); Peterson v. Peterson, 464 A.2d 202, 204
(Me. 1983); Spaulding v. Spaulding, 460 A.2d 1360, 1363 (Me. 1983). A determination by the court under § 46b-97 that Connecticut is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum; General Statutes 46b-97(a); will not be reversed absent a clear abuse of discretion. See Szmyd v. Szmyd, 641 P.2d 14, 18 (Alaska 1982);Loper v. Superior Court, 126 Ariz. 14, 17, 612 P.2d 65 (1980);Plas v. Superior Court, supra, 496-97; Larsen v. Larsen,5 Kan. App. 2d 284, 292, 615 P.2d 806 (1980); Murphy v. Murphy,380 Mass. 454, 459, 404 N.E.2d 69 (1980); see also Piper Aircraft Co.v. Reyno, supra, 257. This standard of review is necessary in order to discourage continuing controversies over child custody in the interest of greater stability of home environment and of secure family relationships for the child. General Statutes 46b-91(a)(4)." Brown v. Brown, supra, 109-110. CT Page 940
In determining whether Connecticut is an inconvenient forum "the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, including but not limited to: (1) Another state is or recently was the child's home state; (2) another state has a closer connection with the child and his family or with the child and one or more of the contestants; (3) substantial evidence concerning the child's present or future care, protection, training and personal relationships is more readily available in another state; (4) the parties have agreed on another forum which is no less appropriate; and (5) the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in section 46b-91." General Statutes § 46b-97(c).
At the time of the filing of this custody modification proceeding the children and their mother were living in Georgia for approximately five months and the father was residing in New York. At the present time, neither the parties nor the children have resided in Connecticut for over one year. The court therefore concludes that "another state has a closer connection with the child and his family or with the child and one or more of the contestants . . . [and] substantial evidence concerning the child's present or future care, protection, training and personal relationships is more readily available in another state." General Statutes § 46b-97(c).
Additionally, "[t]he criteria to be weighed in determining the best forum under § 46b-97(c) include those used to determine jurisdiction under § 46b-93(a)(2)(A)."[1] As stated above, neither the parties nor the children have a significant connection with the state of Connecticut and therefore, even using the additional criteria does not result in Connecticut being the best forum under the statute. Furthermore, "substantial evidence concerning the child[rens'] present or future care, protection, training and personal relationships is more readily available in another state. General Statutes § 46b-97(c)(3)." Brown v. Brown, supra, 195 Conn. 112. Both the "substantial evidence" and "close connection" factors militate against the exercise of jurisdiction by Connecticut.
"If the court finds that it is an inconvenient forum and that a court of another state is a more appropriate forum, it may dismiss the proceedings." General Statutes § 46b-97(e). CT Page 941 Additionally, pursuant to General Statutes § 46b-97(h),[2]
this court will inform the Superior Court of Cobb County in the state of Georgia that it finds that Georgia is the more appropriate forum to decide whether custody should be modified.
In summary, the defendant's motion to dismiss is granted.
CUTSUMPAS, J.