*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALEXUS MOYEA SANDERS,

       Plaintiff-Appellant,

v

DAVID WILLIAM FOX,

       Defendant-Appellee.

UNPUBLISHED
June 1, 2023

No. 363698
Muskegon Circuit Court
LC No. 2015-263866-DS

Before: MARKEY, P.J., and MURRAY and FEENEY, JJ.

PER CURIAM.

In this custody case, plaintiff appeals as of right the trial court's order awarding primary physical custody of the child to defendant. We affirm.

## I. FACTUAL BACKGROUND

The minor child was born in December 2014, and in September 2015, the trial court awarded plaintiff sole physical custody of the child, awarded defendant and plaintiff joint legal custody, and granted parenting time as defendant and plaintiff agreed. From 2015 to 2019, parenting time was as defendant and plaintiff agreed. However, when there were disagreements or incidents, plaintiff took the child away from defendant even though defendant repeatedly contacted plaintiff and wanted to see the child.

In June 2019, defendant moved to Georgia but attempted to remain in the child's life. In early July 2019, plaintiff and the child moved to Illinois without the trial court's permission and against defendant's wishes. That same month, and in response to plaintiff moving out of state, defendant moved for, and the trial court entered, an order for specified parenting time.

Defendant returned to Michigan in October 2020. Until plaintiff returned to Michigan in early June 2022, plaintiff traveled between Illinois and Michigan at least monthly. From 2019 to 2022, plaintiff and defendant struggled to parent the child together. At times, plaintiff, who was the child's primary caretaker, struggled to share information about the child with defendant or prevented defendant from talking with the child.

In May 2021, defendant filed a motion for joint legal custody and primary physical custody or, in the alternative, increased parenting time. In August 2021, a referee concluded that defendant established a prima facie showing of proper cause or change of circumstances for his custody motion to proceed. After a two-day trial, the trial court found that although an established custodial environment existed with plaintiff, defendant proved by clear and convincing evidence that it was in the child's best interests to change custody and awarded defendant primary physical custody.

Plaintiff now appeals.

## II. PROPER CAUSE OR CHANGE IN CIRCUMSTANCES

### A. PRESERVATION OF ISSUE

An issue is preserved if it was raised, addressed, and decided by the lower court. *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 443; 695 NW2d 84 (2005). Because the trial court made a finding of proper cause or a change in circumstances while addressing defendant's motion, this issue is preserved.

### B. STANDARD OF REVIEW

All custody orders must be affirmed on appeal unless the trial court's findings were against the great weight of the evidence, the trial court committed a palpable abuse of discretion, or the trial court made a clear legal error on a major issue. MCL 722.28; *Pierron v Pierron*, 486 Mich 81, 85; 782 NW2d 480 (2010). Thus, we apply "three standards of review in custody cases." *Phillips v Jordan*, 241 Mich App 17, 20; 614 NW2d 183 (2000). First, "[t]he great weight of the evidence standard applies to all findings of fact. A trial court's findings . . . should be affirmed unless the evidence clearly preponderates in the opposite direction." *Id.* Second, the "abuse of discretion standard applies to the trial court's discretionary rulings such as custody decisions." *Id.* "An abuse of discretion exists when the trial court's decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008). Third, the clear-legal-error standard applies to questions of law. *Phillips*, 241 Mich App at 20. "A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law." *Id.*

### C. ANALYSIS

In her brief on appeal, plaintiff argues that the trial court made a clear legal error by failing to first find proper cause or a change in circumstances before addressing the merits of defendant's motion for a change in custody. MCL 722.27(1)(c); *Vodvarka v Grasmeyer*, 259 Mich App 499, 509; 675 NW2d 847 (2003). However, at oral argument, plaintiff conceded that the trial court was not required to make these findings because this was the initial custody order. See *Thompson v Thompson*, 261 Mich App 353, 361; 683 NW2d 250 (2004) (providing that a party does not need to establish proper cause or a change in circumstances for "the trial court's initial or 'new' custody order . . . .").

Nevertheless, the record shows that the trial court did find that proper cause or a change in circumstances existed before addressing the merits of the motion. The record shows that the hearing referee made a recommendation to the trial court, finding that proper cause or change in

circumstances existed. The referee came to this conclusion because (1) plaintiff moved from Michigan to Illinois without the trial court's permission, (2) the trial court previously awarded defendant significant parenting time, (3) defendant alleged that plaintiff prevented defendant's parenting time, and (4) plaintiff brought the child to Michigan with only two outfits. After 21 days and a lack of objection from either defendant or plaintiff, the trial court affirmed the referee's finding and determined that defendant had presented a showing of proper cause or a change of circumstances as required by MCL 722.27. Additionally, at the start of its decision after trial, the court reiterated that proper cause or change of circumstances had been established. For these reasons, we reject plaintiff's argument.

## III. BEST-INTEREST FINDINGS

### A. PRESERVATION OF ISSUE

Whether a change of custody was in the child's best interests was a central component of the trial court proceedings. Consequently, this issue is preserved. *Hines*, 265 Mich App at 443.

### B. ANALYSIS

Plaintiff first argues that the trial court made a clear legal error by finding that some of the best-interest factors slightly favored or favored defendant.

A trial court may "not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child." MCL 722.27(1)(c). Put differently, the trial court must determine "whether the child has an established custodial environment with one or both parents" before making a custody determination, *Bofysil v Bofysil*, 332 Mich App 232, 242; 956 NW2d 544 (2020), because that decision will determine the appropriate burden of proof.

> When a modification would change the established custodial environment of a child, the moving party must show by clear and convincing evidence that it is in the child's best interest. If the proposed change does not change the custodial environment, however, the burden is on the parent proposing the change to establish, by a preponderance of the evidence, that the change is in the child's best interests. [*Shade v Wright*, 291 Mich App 17, 23; 805 NW2d 1 (2010) (citations omitted).]

The record shows that the trial court found, and defendant concedes, that an established custodial environment existed with plaintiff. As a result, the trial court properly determined that defendant was required to establish by clear and convincing evidence that awarding primary physical custody to him was in the child's best interests.

After a trial court properly identifies the proper burden of proof, it is required to evaluate the proposed change in light of the child's bests interests. *Lieberman v Orr*, 319 Mich App 68, 83-84; 900 NW2d 130 (2017). According to MCL 722.23, the "best interests of the child" means the sum total of the following factors to be considered, evaluated, and determined by the trial court:

-3-

(a) The love, affection, and other emotional ties existing between the parties involved and the child.

(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.

(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.

(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.

(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

(f) The moral fitness of the parties involved.

(g) The mental and physical health of the parties involved.

(h) The home, school, and community record of the child.

(i) The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference.

(j) The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents. A court may not consider negatively for the purposes of this factor any reasonable action taken by a parent to protect a child or that parent from sexual assault or domestic violence by the child's other parent.

(k) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.

(*l*) Any other factor considered by the court to be relevant to a particular child custody dispute.

A trial court "need not give equal weight to all the factors, but may consider the relative weight of the factors as appropriate to the circumstances." *Sinicropi v Mazurek*, 273 Mich App 149, 184; 729 NW2d 256 (2006). A trial court is "duty-bound to examine all the criteria in the ultimate light of the child's best interests." *Id.* (quotation marks and citation omitted).

The trial court analyzed each best-interest factor and found that MCL 722.23(a), (c), and (g) favored defendant and plaintiff equally, that MCL 722.23(b), (d), and (e) slightly favored defendant, that MCL 722.23(f) and (j) favored defendant, MCL 722.23(h) did not favor either

defendant or plaintiff, and MCL 722.23(i) and (k) were inapplicable. The trial court did not state which party MCL 722.23(*l*) favored but implicitly found that it favored defendant.

Plaintiff challenges the trial court's finding in regard to MCL 722.23(b), (d), (e), (f), (j), and (*l*). Plaintiff contends that MCL 722.23(b), (d), (e), and (f) should have favored defendant and plaintiff equally and that MCL 722.23(j) and (*l*) should have favored plaintiff, or defendant and plaintiff equally. We conclude that the trial court's best-interest findings for the specific best-interest factors were overall not against the great weight of the evidence.

Plaintiff argues MCL 722.23(b) and (f) together. MCL 722.23(b) addresses "[t]he capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any." The trial court found that MCL 722.23(b) slightly favored defendant because defendant and plaintiff took responsibility for the child, but plaintiff had an arrest record. MCL 722.23(f) addresses "[t]he moral fitness of the parties involved." The trial court found that MCL 722.23(f) favored defendant because plaintiff demonstrated very aggressive behavior, as well as criminal charges and convictions.

The evidence presented supports the trial court's findings regarding factor (b), but not factor (f). With respect to factor (b), the court focused on the first clause of that factor, that is, "[t]he capacity and disposition of the parties involved to give the child love, affection, and guidance." The court found that both parties took responsibility for those duties, and the evidence supported that conclusion as the testimony indicated that defendant and plaintiff both cared for the child, and both had the capacity to continue to do so. However, the court then focused on several of plaintiff's criminal convictions, as plaintiff testified about criminal charges and convictions resulting from malicious destruction of property against either defendant or defendant's family. In *Wright v Wright*, 279 Mich App 291, 300-301; 761 NW2d 443 (2008), this Court addressed a party's repeated filing of complaints and police reports against the other parent, as well as other antics, when considering factor (b), as it went to that party's capacity and disposition to provide guidance to the children. Unlike in *Wright*, here, there was no evidence that the criminal convictions resulted from acts intending to sway the custody proceedings, but they were still relevant to plaintiff's disposition since the acts were against defendant and his family, with whom the child had a positive relationship. Although she argues that her convictions are irrelevant and stale, the trial court was not precluded from considering plaintiff's convictions when evaluating plaintiff's capacity and disposition. The general time frames set out in *Vodvarka* relate to the initial question of proper cause or change of circumstances, not to findings made under MCL 722.23. The trial court's findings under MCL 722.23(b), that only slightly favored defendant, were not against the great weight of the evidence.

With respect to factor (f), we agree with plaintiff that the trial court's conclusion that it slightly favored defendant was against the great weight of the evidence. Under factor (f), the court must consider a party's moral fitness in light of how each parent acts in the presence of the child. In *Fletcher v Fletcher*, 447 Mich 871, 886-887; 526 NW2d 889 (1994), the Court explained as follows:

> Factor f (moral fitness), like all the other statutory factors, relates to a person's fitness *as a parent*. To evaluate parental fitness, courts must look to the

parent-child relationship and the effect that the conduct at issue will have on that relationship. Thus, the question under factor f is *not* 'who is the morally superior adult;' the question concerns the parties' relative fitness to provide for their child, given the moral disposition of each party as demonstrated by individual conduct.

In its minimal findings under factor (f), the trial court made no mention of how plaintiff's aggressive behavior and prior criminal charges impacted plaintiff's fitness to provide for the child, though of course continued criminal activity resulting in jail or prison certainly would. But, the trial court did not sufficiently explain these findings such that we can uphold the findings under factor (f), which, absent any additional findings or evidence, should have been weighted equally.[1]

Plaintiff also argues MCL 722.23(d) and (e) together. MCL 722.23(d) addresses "[t]he length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity," while MCL 722.23(e) addresses "[t]he permanence, as a family unit, of the existing or proposed custodial home or homes." The trial court found that MCL 722.23(d) and (e) slightly favored defendant because plaintiff, and presumably the child as well, frequently traveled back and forth between states and there was uncertainty about whether plaintiff would remain in Michigan given that plaintiff's significant other was in Illinois.

The evidence presented supports the trial court's findings. Although the trial court assumed that the child traveled with plaintiff, the assumption was not unreasonable when considering that plaintiff was the child's primary caretaker and the child was not with defendant when plaintiff traveled. Furthermore, the trial court's hesitancy about plaintiff permanently residing in Michigan was not unreasonable, considering plaintiff's boyfriend of over a year remained in Illinois, where plaintiff had previously resided, worked, and studied. The trial court, when evaluating the circumstances together, was not unreasonable in concluding that plaintiff's travel and likely future travels impacted or would impact the child's permanence and environment. The evidence also supported the trial court's finding that defendant had a good relationship with plaintiff's family that resided in Muskegon and that defendant's family was also in Muskegon, which provided significant permanence and stability for the child. The trial court's findings on MCL 722.23(d) and (e) were not against the great weight of the evidence.

MCL 722.23(j) addresses "[t]he willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents" and cautions that a trial court "may not consider negatively for the purposes of this factor any reasonable action taken by a parent to protect a child or that parent from sexual assault or domestic violence by the child's other parent." The trial court found that MCL 722.23(j) favored defendant because there was insignificant testimony about how defendant treated plaintiff, but plaintiff decided to withhold information about the child from defendant. First, plaintiff takes issue with the trial court's finding because there *was* testimony that defendant

---

[1] Additionally, plaintiff argues that her convictions existed before the trial court entered an order regarding parenting time in 2019, so the trial court was prohibited from considering her convictions in a subsequent order. Whereas a change in circumstance must exist after the entry of the last custody order to modify that custody order, there is no similar time requirement for evaluating proper cause or the best-interest factors. See *Vodvarka*, 259 Mich App at 514-515.

routinely threatened not to return the child. Second, plaintiff takes issue with the trial court's finding that plaintiff withheld from defendant information about the child because plaintiff offered defendant additional parenting time whenever plaintiff was in Michigan.

The evidence presented supports the trial court's finding. Although there was testimony that defendant once threatened not to return the child, the trial court focused on how defendant treated plaintiff in light of supporting the child's relationship with plaintiff. Moreover, there was testimony, from defendant and plaintiff, that plaintiff withheld information about the child from defendant. Offers of additional parenting time do not negate or overcome the harm caused by withholding information regarding the child; the two are not mutually exclusive. Furthermore, there was testimony that plaintiff withheld from defendant information about the child's education and medical providers. Specifically, evidence showed that plaintiff denied defendant contact with the child when plaintiff was upset with defendant and when plaintiff learned that defendant's fiancé was pregnant. Additionally, plaintiff denied defendant parenting time when he was not paying child support. These actions further support the finding that plaintiff did not encourage or facilitate a close and continuing relationship with defendant but instead used the child as a pawn to punish or show disdain for defendant.

The trial court, when evaluating the circumstances together, did not clearly err in concluding that plaintiff was unwilling to foster the child's relationship with defendant or that defendant was more inclined to foster the child's relationship with plaintiff. The trial court's findings on MCL 722.23(j) were not against the great weight of the evidence.

MCL 722.23(*l*) addresses "[a]ny other factor considered by the court to be relevant to a particular child custody dispute." The trial court identified two other factors that implicitly favored defendant, but plaintiff only challenges one factor. The trial court considered the fact that plaintiff worked the third shift, which meant that plaintiff's parent watched the child at night. Plaintiff does not challenge the validity of the trial court's factual finding but does take issue with the fact that the trial court punished plaintiff for maintaining employment to support the child. Although the trial court did not elaborate on why plaintiff's employment seemed to favor defendant, the inference from the evidence is that, instead of punishing plaintiff, the trial court found plaintiff's evening shift less desirable from a parenting perspective than defendant's employment schedule, which was a more compatible fit for the child. In any event, this Court may not substitute its judgment for that of the trial court. *McIntosh v McIntosh*, 282 Mich App 471, 478; 768 NW2d 325 (2009). As a result, the trial court's findings under MCL 722.23(*l*) were not against the great weight of the evidence, and we will not disturb the trial court's analysis.

Plaintiff also argues that, under the presumption that the trial court should have given each of the best-interest factors equal weight, the trial court made a clear legal error by determining that the "sum total" of the best-interest factors favored a change in custody. Specifically, plaintiff asserts that the arithmetic of the trial court's findings did not justify a determination that defendant satisfied the evidentiary burden of clear and convincing evidence.

"A court need not give equal weight to all the factors, but may consider the relative weight of the factors as appropriate to the circumstances." *Sinicropi*, 273 Mich App at 184. Neither the trial court nor this Court is required to "mathematically assess equal weight to each of the statutory factors." *McCain v McCain*, 229 Mich App 123, 131; 580 NW2d 485 (1998). A "trial court need

not make its custody determination on the basis of a mathematical calculation and may assign differing weights to the various best-interest factors." *Berger*, 277 Mich App at 712, citing *Sinicropi*, 273 Mich App at 184. A finding regarding one factor does not necessarily countervail the findings regarding the other factors. *McCain*, 229 Mich App at 131.

Given our conclusion, the trial court cannot be said to have committed a palpable abuse of direction in weighing the best-interest factors and concluding that the "sum total" of the best-interest factors warranted a change in custody. Contrary to plaintiff's argument, there is no presumption that the trial court gave equal weight to all the factors. Additionally, a trial court is under no obligation to expressly state the relative weight, if any, placed on the best-interest factors. Considering that the trial court found that none of the factors individually favored plaintiff, and we have upheld the court's findings on all but that under factor (f) (and on that, plaintiff admits it's only equal), the trial court did not abuse its discretion by determining that defendant established by clear and convincing evidence that it was in the child's best interests to change custody.

Affirmed.

/s/ Jane E. Markey
/s/ Christopher M. Murray
/s/ Kathleen A. Feeney

-8-