OPINION
{¶ 1} On February 14, 2004, appellant, Charles Hall, IV, and appellee, Michelle Hall, were married. One child was born as issue of the marriage, Madison Hall born August 3, 2004. On February 14, 2006, appellee filed a complaint for divorce in Licking County, Ohio. Appellant resided in Georgia. By magistrate order filed March 7, 2006, appellant was granted temporary custody of the child, and the child lived with appellant in Georgia.
 {¶ 2} On August 18, 2006, appellant filed a motion to dismiss the case for lack of jurisdiction or in the alternative, a motion to transfer the case to Liberty County, Georgia as the more convenient forum. Appellant alleged appellee resided in Georgia until she moved into her permanent residence in Ohio in March, 2006. By judgment entry filed October 12, 2006, the trial court denied the motion.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST TO DISMISS OR TRANSFER THE CASE BECAUSE THE APPELLEE DID NOT SUFFICIENTLY ESTABLISH THAT SHE HAD MET THE RESIDENCY REQUIREMENTS OF R.C. 3105.03 AND THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION OVER THE MATTER."
 II {¶ 5} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S REQUEST TO DISMISS OR TRANSFER THE CASE *Page 3 
BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO DETERMINE THAT OHIO IS THE HOME STATE OF THE PARTIES' MINOR CHILD AS DEFINED IN THE UNIFORM CHILD CUSTODY JURISDICTIONAL ACT."
 III {¶ 6} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING THE APPELLANT'S MOTION TO DISMISS OR TRANSFER THE CASE BECAUSE OHIO IS AN INCONVENIENT FORUM PURSUANT TO R.C.3127.21."
 I, II {¶ 7} Appellant claims the trial court erred in denying his motion to dismiss or transfer the case to Georgia. Specifically, appellant claims appellee did not met the residency requirements of R.C. 3105.03, and failed to establish that Ohio was the home state of the parties' child under the Uniform Child Custody Jurisdictional Act (hereinafter "UCCJA"). We disagree.
 {¶ 8} A trial court's decision as to whether to exercise jurisdiction pursuant to the UCCJA should only be reversed upon a showing of an abuse of discretion. Bowen v. Britton (1993), 84 Ohio App.3d 473. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217.
 {¶ 9} R.C. 3105.03 governs residency requirement and venue and states the following:
 {¶ 10} "The plaintiff in actions for divorce and annulment shall have been a resident of the state at least six months immediately before filing the complaint. Actions *Page 4 
for divorce and annulment shall be brought in the proper county for commencement of action pursuant to the Rules of Civil Procedure. The court of common pleas shall hear and determine the case, whether the marriage took place, or the cause of divorce or annulment occurred, within or without the state."
 {¶ 11} R.C. 3127.15 governs a trial court's jurisdiction to make an initial determination and states the following:
 {¶ 12} "(A) Except as otherwise provided in section 3127.18 of the Revised Code, a court of this state has jurisdiction to make an initial determination in a child custody proceeding only if one of the following applies:
 {¶ 13} "(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.
 {¶ 14} "(2) A court of another state does not have jurisdiction under division (A)(1) of this section or a court of the home state of the child has declined to exercise jurisdiction on the basis that this state is the more appropriate forum under section 3127.21 or 3127.22 of the Revised Code, or a similar statute of the other state, and both of the following are the case:
 {¶ 15} "(a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.
 {¶ 16} "(b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships. *Page 5 
 {¶ 17} "(3) All courts having jurisdiction under division (A)(1) or (2) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under section 3127.21 or 3127.22 of the Revised Code or a similar statute enacted by another state.
 {¶ 18} "(4) No court of any other state would have jurisdiction under the criteria specified in division (A)(1), (2), or (3) of this section."
 {¶ 19} R.C. 3127.01(B)(7) defines "home state" as follows:
 {¶ 20} "`Home state' means the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately preceding the commencement of a child custody proceeding and, if a child is less than six months old, the state in which the child lived from birth with any of them. A period of temporary absence of any of them is counted as part of the six-month or other period."
 {¶ 21} We note the trial court did not hold an evidentiary hearing on appellant's motion to dismiss/transfer.
 {¶ 22} Appellee filed her complaint for divorce on February 14, 2006. Pursuant to R.C. 3105.03, appellee was required to be a resident of Ohio from August 14, 2005. In support of his August 18, 2006 motion to dismiss/transfer, appellant stated via an attached affidavit that their child was born in Georgia, and resided in Georgia with appellee and her two older children through August of 2005. Appellant provided copies of the older children's school records showing they were registered in Georgia schools through August 30, 2005 (school started on August 3rd or 4th). February 27, 2006 T. at 12. *Page 6 
 {¶ 23} In her September 12, 2006 memorandum contra, appellee did not present an affidavit, but argued during a February 27, 2006 hearing, she testified under oath that she had moved to her parents' home in Ohio on May 20, 2005. Id. at 12, 85. This fact was substantiated by appellee's mother. T. at 102, 105. Appellee's return to Georgia during the summer of 2005 was temporary. Id. at 86. The trip was described by appellee as a visit, and it lasted two to three weeks. Id. at 86-87. Appellee stated the August 2005 school registration in Georgia was a temporary measure. Id. at 12. Appellant did not know appellee was just visiting in Georgia in the summer of 2005, as he was under the impression that appellee was visiting in Ohio in the summer "because her ex-husband had custody of the kids and summer was up and she was coming back to August where she would reside until I returned from Iraq." Id. at 57.
 {¶ 24} It is obvious that both parties wanted a divorce and appellee made it to the courthouse first. We find the record substantiates the fact that appellee returned to Ohio in May of 2005 to establish residency, and the parties were apart by virtue of appellant's service in the war in Iraq and by the parties' failing marriage. We find sufficient evidence to establish that appellee had fulfilled the residency requirements of R.C. 3105.03. Further, we find the evidence establishes that at the time of the filing of the complaint for divorce, the child's home state was Ohio.
 {¶ 25} Upon review, we find the trial court did not err in denying appellant's motion to dismiss/transfer.
 {¶ 26} Assignment of Errors I and II are denied. *Page 7 
 III {¶ 27} Appellant claims Ohio is an inconvenient forum to determine the matter. We disagree.
 {¶ 28} R.C. 3127.21 governs inconvenient forum. Subsection (B) states the following:
 {¶ 29} "(B) Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including the following:
 {¶ 30} "(1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
 {¶ 31} "(2) The length of time the child has resided outside this state;
 {¶ 32} "(3) The distance between the court in this state and the court in the state that would assume jurisdiction;
 {¶ 33} "(4) The relative financial circumstances of the parties;
 {¶ 34} "(5) Any agreement of the parties as to which state should assume jurisdiction;
 {¶ 35} "(6) The nature and location of the evidence required to resolve the pending litigation, including the testimony of the child;
 {¶ 36} "(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence;
 {¶ 37} "(8) The familiarity of the court of each state with the facts and issues in the pending litigation." *Page 8 
 {¶ 38} Appellant argues it is a twelve and one-half hour drive from Georgia to Ohio, and the child resides in Georgia in his custody via a temporary order from the Ohio trial court.
 {¶ 39} We note to each party, the other's home state is a distance and requires money to prosecute or defend the divorce action. Appellant appeared in Ohio, contested custody, was awarded temporary custody, and returned with the child to Georgia. Appellant did not raise an objection to the convenience of the forum until after he had filed an answer and a counterclaim and the final pretrial date and divorce hearing were set.
 {¶ 40} Upon review, we conclude the record does not establish that Ohio is an inconvenient forum.
 {¶ 41} Assignment of Error III is denied.
 {¶ 42} The judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division, is hereby affirmed.
By Farmer, J. Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, Domestic Relations Division, is hereby affirmed. *Page 1