OPINION *Page 2 
{¶ 1} The Petitioner Amy Frew appeals a judgment of the Court of Common Pleas of Coshocton County, Ohio, which dismissed the petition she and appellee Roderick Frew filed to dissolve their marriage. Appellant assigns three errors to the trial court:
 {¶ 2} "I. THE COURT ERRED WHEN, PURSUANT TO OHIO RULE OF CIVIL PROCEDURE 41 (B)(1), IT DISMISSED THE FREWS' PETITION DESPITE COMPLIANCE WITH REVISED CODE, LOCAL COURT RULES, AND COURT ORDERS.
 {¶ 3} "II. THE COURT ERRED WHEN IT DISMISSED THE PETITION UNDER CIV. R. 41 (B)(1) BECAUSE THE COURT DID NOT PROVIDE NOTICE OF POSSIBLE DISMISSAL ON THE RECORD OR OPPORTUNITY TO EXPLAIN ANY PUTATIVE NONCOMPLIANCE WITH THE COURT'S REQUIREMENTS.
 {¶ 4} "III. THE COURT ERRED WHEN IT DISMISSED THE PETITION UNDER CIV. R. 41 (B)(1) BECAUSE THE FREWS ATTEMPTED TO COMPLY WITH THE REQUESTS MADE BY THE COURT."
 {¶ 5} The record indicates appellant and appellee filed their petition to dissolve their marriage on July 17, 2007. In addition to the petition, the parties filed a separation agreement, shared parenting plan, and appellant's financial affidavits.
 {¶ 6} The parties state a magistrate sent them a letter on July 17, 2007, informing them the filings were incomplete, but the record does not contain a copy of the letter. On August 23, 2007, appellant filed a support computation worksheet and separation agreement, and on September 24, 2007, her affidavit regarding health insurance. On *Page 3 
October 18, 2007, the court dismissed the matter for want of prosecution, citing R.C. 3105.64.
 I, II, and III {¶ 7} We will address all the assignments of error together for purposes of clarity. Appellant argues the court should not have dismissed the matter pursuant to Civ. R. 41 because the parties complied or attempted to comply with the requirements of the Revised Code and the local rules. Civ. R. 41 (B)(1) provides: "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of the defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Appellant argues the court did not give the parties notice of the possibility their petition would be dismissed.
 {¶ 8} Appellee concedes the parties did not file a UCCJEA affidavit pursuant to Revised Code Chapter 3127. He argues, however, the court did not cite this as a reason for dismissal. Appellee argues UCCJEA affidavits need not be filed with the original filings if the parties submit them within a reasonable time, especially if there is no indication there may be a jurisdictional conflict.
 {¶ 9} In Hall v. Hall, Licking App. No. 06CA134, 2007-Ohio-2449, this court noted we should reverse a trial court's decision whether to exercise jurisdiction pursuant to the UCCJEA only if the court abused its discretion, Hall at paragraph 8, citing Bowen v. Britton (1993),84 Ohio App. 3d 473. The Supreme Court has defined the term abuse of discretion as indicating the trial court's decision was unreasonable, arbitrary, or unconscionable, Id, citing Blakemore v. Blakemore (1983),5 Ohio St. 3d 217. *Page 4 
 {¶ 10} Both parties argue the trial court had a duty to inform them specifically what was lacking in their filings. Both parties urge they are pro se, and the trial court has or should have a duty to help them through the proceedings.
 {¶ 11} In Kilroy v. B. H. Lakeshore Company (1996),111 Ohio App. 3d 357, 676 N.E. 2d 171, the Eighth District Court of Appeals held litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants. A pro se litigant cannot expect or demand special treatment from the judge, who must be impartial.
 {¶ 12} Filing of the UCCJEA Affidavit is jurisdictional, and the record indicates the court gave the parties four months to submit the documents. We find the trial court did not abuse its discretion in determining it lacked jurisdiction over the matter.
 {¶ 13} Each of the assignments of error is overruled in whole.
 {¶ 14} For the foregoing reasons, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed.
Gwin, P.J., Farmer, J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed. Costs to appellant. *Page 1