[Cite as *In re B.M.*, 2011-Ohio-6608.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| IN RE: B.M. | : | W. Scott Gwin, P.J. |
| | : | Julie A. Edwards, J. |
| | : | Patricia A. Delaney, J. |
| | : | |
| | : | Case No. 11-CA-010 |
| | : | |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Civil Appeal from Holmes County
Court of Common Pleas, Probate and
Juvenile Divisions, Case No. 08N276

JUDGMENT:        Affirmed

DATE OF JUDGMENT ENTRY:        December 21, 2011

APPEARANCES:

For Plaintiff-Appellant        For Defendant-Appellee

BEVERLY PROCTOR-DONALD        DAVID W. ZACOUR
401 Tuscarawas Street, West, Ste. #501        Taggart Law Firm, LPA
Canton, Ohio  44702        140 West Liberty Street
P.O. Box 218
Canton, Ohio  44702

*Edwards, J.*

{¶1} Appellant Dustin White appeals a judgment of the Holmes County Common Pleas Court, Juvenile Division, overruling his motion to cede jurisdiction over this case to the State of Florida. Appellee is Angela Miller.

## STATEMENT OF FACTS AND CASE

{¶2} Appellant and appellee are the parents of the minor child, B.M., who is the subject of this case. In December of 2008, the Holmes County Department of Children's Services filed the instant case alleging that B.M. was dependent and abused. B.M. resided with appellee in Holmes County at the time, while appellant resided in Florida.

{¶3} Appellant filed a complaint for custody on January 27, 2009. The child was placed in appellant's custody in Florida in July, 2009, where she has resided to the present time. Appellee had supervised visits with the child.

{¶4} On July 6, 2010, appellee filed a motion to modify visitation, requesting unsupervised visitation. The court appointed Dr. Marianne Bowden to complete a psychological evaluation of the child and appellee. On December 8, 2010, Dr. Bowden filed her report with the court. On December 16, 2010, appellant filed a motion requesting that visitation between appellee and the child be terminated due to the recommendations in the report and asking the court to relinquish jurisdiction over the case to the Juvenile Court of St. Lucie County in Port St. Lucie, Florida.

{¶5} On February 28, 2011, the trial court issued an order terminating appellee's visitation rights. However, the court retained jurisdiction over the case.

{¶6} Appellee's mother filed a motion for grandparent visitation on January 31, 2011. Appellant filed a motion to dismiss this request and also again asked the court to relinquish jurisdiction over the case to Florida. On April 29, 2011, the court denied the grandmother's request for visitation and also denied appellant's request to have the case transferred to Florida for the reasons stated in the court's February 28, 2011, judgment. Appellant assigns a single error:

{¶7} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO TRANSFER THE CASE TO THE APPROPRIATE COURT IN THE STATE OF FLORIDA."

{¶8} A trial court's decision as to whether to exercise jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), as codified in Ohio R.C. Chapter 3127, should only be reversed upon a showing of an abuse of discretion. *Hall v. Hall,* Licking App. No. 06CA134, 2007-Ohio-2449, citing *Bowen v. Britton* (1993), 84 Ohio App.3d 473, 478, 616 N.E.2d 1217. The Supreme Court of Ohio has stated that an abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶9} R.C. 3127.21 gives the trial court discretion to transfer jurisdiction to another forum upon a finding that the Ohio court is an inconvenient forum and the court of another state is a more convenient forum:

{¶10} "(A) A court of this state that has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of

another state is a more convenient forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or at the request of another court.

{¶11} "(B) Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including the following:

{¶12} "(1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

{¶13} "(2) The length of time the child has resided outside this state;

{¶14} "(3) The distance between the court in this state and the court in the state that would assume jurisdiction;

{¶15} "(4) The relative financial circumstances of the parties;

{¶16} "(5) Any agreement of the parties as to which state should assume jurisdiction;

{¶17} "(6) The nature and location of the evidence required to resolve the pending litigation, including the testimony of the child;

{¶18} "(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence;

{¶19} "(8) The familiarity of the court of each state with the facts and issues in the pending litigation."

{¶20} In making its determination, the trial court had before it information provided by appellant in his pleading on December 16, 2010, and by appellee on

January 13, 2011. The court made the following findings based on the information provided to the court by the parties:

**{¶21}** "The statute next requires a court to consider a number of specific factors. The first of those addresses the issue of domestic violence, which has never been an issue in this case, and the factor is therefore irrelevant. The second factor is the length of time the child has resided outside of Ohio. As noted above [B.M.] has lived with her father continuously since July of 2009. The court notes that all reports are that [B.M.] has successfully adapted to her father's home.

**{¶22}** "The third factor is the distance between this Court and the court in the state that would assume jurisdiction. Obviously it is a great distance between Holmes County, Ohio, and St. Lucie County in Florida. This would not be a burden concerning the transfer of information, as Mr. White notes, but would be a significant burden for Angela Miller to travel to court appearances in Florida. The fourth factor is the relative financial circumstances of the parties. The Court has not been made aware of significant differences regarding the comparative financial circumstances of Mr. White and Ms. Miller.

**{¶23}** "The next factor is any agreement of the parties as to which state should assume jurisdiction. There is no agreement between the parties so this factor is irrelevant. The sixth factor deals with the nature and location of the evidence required to resolve the pending litigation, including the testimony of the child. At this point the only pending issue is a request for visitation filed by the child's maternal grandmother. The grandmother lives in Ohio and if this Court cedes jurisdiction she would be required to pursue her claim in Florida which would certainly not be convenient for her.

However, the factor also requires that the testimony of the child must be considered. Since [B.M.] resides in Florida it would be easier on her for the grandmother's request to be heard there.

{¶24}  "The seventh factor is the 'ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence'.  The Court is not aware that either this Court or the court in Florida will have a significant advantage in ability to decide the pending issue quickly and the Court is not aware of any difference in the procedures necessary to present the evidence on that issue.

{¶25}  "The final factor is the familiarity of both courts with the facts and issues in the pending litigation.  The maternal grandmother has been a party to this case for quite some time. However, the question of her visiting with her granddaughter has not been examined by this Court.  Accordingly, neither court has an advantage regarding familiarity with the facts and issues to be presented regarding the grandmother's request.

{¶26}  "The Court finds an application of the factors in the statue, as of this time, does not strongly point to a finding that this Court is now an inconvenient forum. Accordingly the request of Mr. White to have this Court cede jurisdiction to the juvenile court in St. Lucie County, Florida, must be denied."

{¶27}  Based on the limited information provided by the parties to the court on this issue, we cannot find that the court abused its discretion.  The court examined all of the factors set forth in the statute in light of the information before the court.  At the present time, all requests for visitation by appellee and her mother have been denied, therefore there are not any ongoing issues between the parties concerning visitation.  If

a motion is filed in the future seeking a modification of the court orders denying all visitation, appellant could again seek to have the court relinquish jurisidiction to Florida based on the particular circumstances at that point in time.

{¶28} The assignment of error is overruled.

{¶29} The judgment of the Holmes County Common Pleas Court, Juvenile Division, is affirmed.

By: Edwards, J.

Gwin, P.J. and

Delaney, J. concur

_____

_____

_____

JUDGES

[Cite as *In re B.M.*, 2011-Ohio-6608.]

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN RE: B.M.

:
:
:
:
:
:          JUDGMENT ENTRY
:
:
:
:          CASE NO. 11-CA-010


For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Holmes County Court of Common Pleas, Probate and Juvenile Divisions, is affirmed.  Costs assessed to appellant.


_____

_____

_____

JUDGES