[Cite as *Berube v. Berube*, 2018-Ohio-828.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| MICHAEL BERUBE | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| HEATHER BERUBE | : | Case No. 2017CA00102 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 2017DR00249


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      March 5, 2018


APPEARANCES:

For Plaintiff-Appellant

JENNIFER LOWRY-JUERGENSEN
116 Cleveland Avenue, NW
Suite 800
Canton, OH 44702

For Defendant-Appellee

JEFFREY V. HAWKINS
One Cascade Plaza
Suite 2210
Akron, OH 44308

*Wise, Earle, J.*

{¶ 1}   Plaintiff-Appellant, Michael Berube, appeals the May 22, 2017 judgment entry of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division, finding it did not have child custody jurisdiction.  Plaintiff-Appellee is Heather Berube.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   Appellant and appellee were married on October 3, 2011, and resided in Ohio.  Two children were born as issue of the marriage, one born in May 2014 and one born in October 2015.  In May or June 2016, appellee moved to Kentucky with the children.

{¶ 3}   On July 12, 2016, appellant filed in Ohio a complaint for divorce, seeking in part custody of the children (Case No. 2016DR00645).  A trial was scheduled for March 22, 2017.  On this date at approximately 8:36 a.m., appellant filed a voluntary dismissal of the complaint.  On same date at 8:43 a.m., appellant refiled his complaint for divorce and served appellee in person (Case No. 2017DR00249).  Appellee returned to Kentucky and on same date, filed a petition for the dissolution of marriage in Kentucky.  At this time, separate divorce actions were pending in Ohio and Kentucky.

{¶ 4}   On April 3, 2017, appellee filed in the Ohio case a motion to dismiss and/or in the alternative, motion to bifurcate.  Appellee sought to dismiss appellant's divorce complaint or in the alternative, have the child custody issue transferred to Kentucky and leave the financial issues to be resolved in Ohio.  A hearing before a magistrate was held on April 11, 2017.  By decision filed April 13, 2017, the magistrate found Ohio lost jurisdiction over the children when appellant dismissed his case

because the children had been living with appellee in Kentucky for more than six months prior to the refiling of the divorce complaint. The magistrate also found any financial issues should also be heard in Kentucky.

{¶ 5}   Appellant filed objections. A hearing before the trial court was held on May 16, 2017. By judgment entry filed May 22, 2017, the trial court granted appellant's objections in part, finding Ohio had jurisdiction to consider the divorce complaint, but found child custody jurisdiction resided in Kentucky.

{¶ 6}   Appellant filed an appeal and this matter is now before this court for consideration.[1] Assignment of error is as follows:

I

{¶ 7}   "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT CONCLUDED THAT OHIO DID NOT HAVE SUBJECT MATTER JURISDICTION OVER THE ISSUE OF CUSTODY UNDER THE UCCJEA."

I

{¶ 8}   In his sole assignment of error, appellant claims the trial court abused its discretion in finding it did not have subject matter jurisdiction over the child custody issue under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). We disagree.

{¶ 9}   Whether to exercise jurisdiction pursuant to the UCCJEA lies within a trial court's sound discretion. *G.P. v. L.M.,* 5th Dist. Morrow No. 16CA0005, 2016-Ohio-7955; *In re B.M.,* 5th Dist. Holmes No. 11-CA-010, 2011-Ohio-6608. In order to find an

---

[1]Appellee has sought to supplement the record pursuant to App.R. 9(E) with subsequent filings from the Kentucky case. As argued by appellant in his motion to quash, the requested supplementation is improper under App.R. 9(E). Appellant's motion to quash is granted and appellee's motion to supplement the record is denied.

abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 10} The UCCJEA was drafted by the National Conference of Commissioners on Uniform State Laws to resolve interstate custody disputes and to avoid jurisdictional competition with courts of other jurisdictions. *Rosen v. Celebrezze,* 117 Ohio St.3d 241, 2008-Ohio-853, 833 N.E.2d 420, ¶ 20-21. Ohio adopted the UCCJEA and codified the law in R.C. Chapter 3127.

{¶ 11} R.C. 3127.15 governs jurisdiction to make initial determination and states the following:

(A) Except as otherwise provided in section 3127.18 of the Revised Code, a court of this state has jurisdiction to make an initial determination in a child custody proceeding only if one of the following applies:

(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

(2) A court of another state does not have jurisdiction under division (A)(1) of this section or a court of the home state of the child has declined to exercise jurisdiction on the basis that this state is the more appropriate forum * * * and both of the following are the case:

(a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

(b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

(3) All courts having jurisdiction under division (A)(1) or (2) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child * * *.

(4) No court of any other state would have jurisdiction under the criteria specified in division (A)(1), (2), or (3) of this section.

{¶ 12} Appellant concedes only subsection (A)(1) is applicable to this case. Appellant's Brief at 5.

{¶ 13} R.C. 3127.01(B)(7) defines "home state" as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately preceding the commencement of a child custody proceeding."

{¶ 14} A hearing on the issue was held before a magistrate on April 11, 2017. Both parties were present in the courtroom.  The magistrate heard argument from counsel only, as no testimony or evidence was presented.  By decision filed April 13, 2017, the magistrate correctly set forth the language of R.C. 3127.15(A)(1), and determined: "Ohio lost jurisdiction over the children upon the dismissal of Father's case in 2016DR00645.  The children have been living with Mother in Kentucky for more than

6 months prior to the filing of this proceeding.  Thus, Kentucky is the proper venue to deal with the issues surrounding the children."

{¶ 15} Appellant filed objections and the trial court held a hearing on May 16, 2017.  By judgment entry filed May 22, 2017, the trial court noted it made an independent analysis of the facts and the applicable law, and affirmed the magistrate's decision regarding child custody jurisdiction.

{¶ 16} In his appellate brief at 8, appellant argues the trial court applied an incorrect analysis because the sole issue was whether Ohio was the home state of the children on the date of filing, March 22, 2017, or *at any time* between September 22, 2016, and March 22, 2017.  Appellant argues "[i]f at any point within that six month period, Ohio was the home state of the children, then Ohio has jurisdiction to make a custody determination."  Appellant's Reply Brief at 2.

{¶ 17} In support of his position, appellant cites the Supreme Court of Ohio's decision in *Rosen, supra.*  A review of *Rosen* finds it more in line with appellee's position rather than appellant's.  In *Rosen,* mother moved with the children from West Virginia to Ohio in December 2005.  Four months later in April, mother filed a divorce complaint in Ohio.  Within the same month, father filed a divorce complaint in West Virginia.  The *Rosen* court determined West Virginia to be the home state because the children "had lived there for six consecutive months as of a date within the six-month period" before father filed his West Virginia divorce action.  *Rosen* at ¶ 42.  "Therefore, West Virginia was the home state of the minor children 'within six months before the commencement' of [father]'s West Virginia divorce case, i.e., they had lived in West

Virginia for six consecutive months ending within the six months before the West Virginia case commenced." *Id.*

{¶ 18} The state of the record sub judice indicates the children have resided with appellee in Kentucky since May or June 2016, nine to ten months proceeding appellant's March 22, 2017 refiling. No evidence was presented to the magistrate to refute this fact. Following the reasoning in *Rosen,* the children's home state would be Kentucky as determined by the trial court.

{¶ 19} In his appellate brief at 8, appellant makes much ado about the trial court's September 7, 2016 judgment entry declaring Ohio to be the home state of the children as defined by R.C. 3127.15 and therefore Ohio had jurisdiction over the issue of child custody. When this determination was made, the children, having moved to Kentucky in May or June of 2016, had not been living in Kentucky for "at least six consecutive months immediately preceding the commencement of [the] child custody proceeding." Once appellant voluntarily dismissed his action in Ohio, any determinations or orders from the Ohio court became null. Appellant could have proceeded to trial on March 22, 2017, and had his case heard in Ohio, but he elected not to do so.

{¶ 20} Appellant goes on to argue that just because the case was dismissed and the trial court's order was dissolved, nothing changed "between the parties during the pendency of the case which would have warranted a change in the designation." Appellant's Brief at 9. This is incorrect. What changed is that after the Ohio case was dismissed, the children were no longer under the jurisdiction of the Ohio court and at that point in time, had been living in Kentucky for more than six consecutive months (nine to ten months) proceeding appellant's refiling.

{¶ 21} Upon review, we find the trial court did not abuse its discretion in finding it did not have subject matter jurisdiction over the child custody issue under the UCCJEA.

{¶ 22} The sole assignment of error is denied.

{¶ 23} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division, is affirmed.

By Wise, Earle, J.

Wise, John, P.J. and

Baldwin, J. concur.

EEW/db 224