[Cite as *Blankenship v. Howard*, 2020-Ohio-5532.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BETTY E. BLANKENSHIP | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Petitioner-Appellee | Hon. Craig R. Baldwin, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 19-CA-00020 |
| CHARLES M. HOWARD, II | |
| Respondent-Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS:    Appeal from the Perry County Court of
Common Pleas, Case No. 17-CP-00178

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    December 2, 2020

APPEARANCES:

For Petitioner-Appellee

BETTY E. BLANKENSHIP
227 South Jackson Street
New Lexington, Ohio  43764

For Respondent-Appellant

CHARLES M. HOWARD, II
1821 Mary Augusta Street
Manteca, California  95337

*Hoffman, P.J.*

**{¶1}** Respondent-appellant Charles Howard appeals the October 21, 2019 Entry entered by the Perry County Court of Common Pleas, which denied his objections to the magistrate's September 17, 2019 decision, and approved and adopted said decision as order of the court. Petitioner-appellee is Betty E. Blankenship.

## STATEMENT OF THE CASE

**{¶2}** Appellant and Appellee were never married, but resided together for approximately ten years, during which time they had two children together. At some point, during the course of the relationship, the parties moved from Ohio to California. It appears the relationship ended sometime in 2010. Appellant was subsequently charged with domestic violence against Appellee. The Superior Court of California, County of San Joaquin, issued a criminal protection order ("CPO") against Appellant on November 3, 2010. On January 25, 2013, the California Superior Court issued a second CPO, effective until January 24, 2018. Appellee and the two children eventually returned to Ohio. Appellant still resides in California.

**{¶3}** On December 6, 2017, Appellee filed a petition for domestic violence civil protection order ("DVCPO") in the Perry County Court of Common Pleas.

**{¶4}** The trial court conducted a hearing on the petition on December 26, 2017. Appellant was served with notice of the hearing, but did not appear. On January 4, 2018, the trial court issued a DVCPO, effective until December 26, 2022. The DVCPO included the parties' children as "person(s) protected by this order."

**{¶5}** On March 12, 2018, Appellant filed a motion to quash the DVCPO. The motion came on for hearing before the magistrate on May 9, 2018. The magistrate denied Appellant's motion via decision filed May 14, 2018. Via Order filed the same day, the trial

court approved and adopted the magistrate's decision.    Appellant did not file objections to the magistrate's decision or appeal the trial court's adoption of said decision.

{¶6}    Appellant filed a motion for new trial on July 31, 2019.  Therein, Appellant argued the California Superior Court had general and personal jurisdiction over him and had home state jurisdiction over the children.  Appellant further asserted the trial court failed to allow him to cross-examine Appellee's witness at the hearing; and the trial court violated his right to be free from double jeopardy.  Appellant concluded the trial court did not have authority to enforce the California CPO.  The trial court set the motion for non-oral hearing on August 30, 2019.

{¶7}    The magistrate denied Appellant's motion via decision and order filed September 17, 2019.  The trial court approved and adopted the magistrate's decision as order of the court on the same day.  Appellant filed objections to the magistrate's decision, which the trial court summarily denied via Entry filed October 21, 2019.

{¶8}    It is from this entry Appellant appeals, assigning the following as error[1]:


I.  A. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING PLAINTIFF CRIMINAL PROTECTION ORDER FROM CALIFORNIA WAS READY TO EXPIRE IN JANUARY 2018.  PLAINTIFF BEING A NON-RESIDENT, AS IT PERTAINS TO THIS SUBJECT JURISDICTION, RENEWED OHIO CIVIL PROTECTION ORDER, WITHOUT SHOWING THE PREPONDERANCE OF THE EVIDENCE.

---

[1] Other than bracketed "SIC", all other brackets original to Appellant's Brief.

B. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR, WHEN THE PLAINTIFF IS UNABLE TO SHOW RELEVANT DATES AS TO WHEN THE LAST INCIDENT OF ABUSE, THREAT OF HARM, OR COMMISSION [SIC] OTHER RELEVANT INFORMATION CONCERNING THE SAFETY AND PROTECTION OF THE PETITIONER OR OTHER PROTECTED PARTIES.

C. TRIAL COURT ALLOWED PLAINTIFF TO INCLUDE THEIR TWO CHILD[REN] ON THE RENEWED PROTECTION ORDER. BY ALLOWING THE TWO CHILD[REN] IN-COMMON TO BE INCLUDED ON THE RENEWED ORDER, THE TRIAL COURT HAS VIOLATED THE CALIFORNIA VISITATION ORDER THE DEFENDANT HAS.

D. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR, PLAINTIFF'S TESTIMONY WHEN ASKED BY TRIAL COURT, "THE LAST TIME HE'S THREATENED, PHYSICAL HARM TO YOU." IN PERTINENT PART I DO NOT HAVE THE DATES IN FRONT OF ME.

II. WORD JURISDICTION HAS FEW DEFINITIONS ACCORDING TO WEBSTER. HOWEVER, ONE DEFINITION IS [SIC] HOLDS TRUTHFUL IS: *"THE LIMITS OR TERRITORY WITHIN WHICH AUTHORITY BE EXERCISED."* TRIAL COURT IN THIS MANNER EXPRESS ITSELF SEVERAL TIMES DURING THE FULL HEARING, HOW IT WILL NOT HEAR/LISTEN TO MATTERS DEALING WITH THE PENDING CHILD[REN] CUSTODY MATTER. TRIAL COURT IN STATEMENTS MAD [SIC], KNEW WHOLE HEARTILY [SIC] THE

PENDING MATTER IN CALIFORNIA. AS A MATTER OF LAW, THE TRIAL COURT SHOULD HAVE FOLLOWED THE GUIDED LINES [SIC] ADDRESSED IN THE UCCJEA. THE HOME STATE JURISDICTION AND UCCJEA, HAVE BEEN VIOLATED BY THE TRIAL COURT.

III. EXPERT WITNESS WORKED IN THE DEFENDANT'S FAVOR. AT ONE POINT IN THE BEGINNING OF THE HEARTING [SIC], THE TRIAL COURT ASKED PLAINTIFF IF MAYBE AMEND THE RENEW PROTECTION ORDER, SO DEFENDANT COULD VISIT THE CHILDREN. REPLIED NO. PLAINTIFF EXPERT WITNESS, REPLIES TO THE QUESTION ASKED, "SHOULD THERE BY ANY SIGNIFICANT CHANGE IN THEIR LIFE RIGHT NOW THAT WOULD HELP THEM ALONG." M.A. STATES, "I WOULD RECOMMOND [SIC] THAT." SHE WOULD RECOMMEND THAT. SADLY, DEFENDANT HAS TRIED TO REACH OUT TO THE EXPERT WITNESS, BUT UNABLE TO RETURN MY CALLS. WITH MAKING THE CALLS TO THE EXPERT WITNESS, DEFENDANT HAS JUST FOUND OUT, FEW WEEKS AGO THE CHILD[REN] NO LONGER SEE THIS PERSON.

I, III

{¶9}    We begin our analysis by clarifying the issues presented for our review.

{¶10}   This appeal comes to us from the trial court's entry denying Appellant's motion for new trial. The denial of a motion for new trial is reviewed under an abuse of discretion standard. *Thomas v. Columbia Sussex Corp.,* 10th Dist. No. 10AP–93, 2011-

Ohio-17, 2011 WL 96277, ¶ 16. Appellant does not contest the trial court's ruling on his motion.  Rather, his arguments on appeal are the same arguments asserted in his motion to quash DVCPO filed March 12, 2018, and denied by the trial court via Order issued May 14, 2018, and which were the grounds for July 31, 2019 motion for new trial.  Appellant did not appeal the trial court's May 14, 2018 Order.

**{¶11}** Because Appellant could have raised these arguments in a direct appeal from the denial of his motion to quash DVCPO, his claims are barred by res judicata. Accordingly, we find the trial court did not abuse its discretion in denying Appellant's motion for new trial.

**{¶12}** Appellant's first and third assignments of error are overruled.

II

**{¶13}** In his second assignment of error, Appellant indirectly challenges the trial court's jurisdiction to issue the DVCPO.  Appellant's challenge is premised upon the trial court's alleged failure to follow the guidelines set forth in the UCCJEA.

**{¶14}** The UCCJEA was drafted to avoid jurisdictional conflicts and competition between different states in child custody litigation. *Berube v. Berube,* 5th Dist. Stark No. 2017CA00102, 2018-Ohio-828, 2018 WL 1168722, ¶ 10. The intent of the UCCJEA was to ensure a state court would not exercise jurisdiction over a child custody proceeding if a court in another state was already exercising jurisdiction over the child in a pending custody proceeding. *Rosen v. Celebrezze,* 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶ 20-21. The UCCJEA "is premised on the assumption that sister state courts will communicate with one another." *In re M.M.V.,* 2020 COA 94, 469 P.3d 556, ¶ 33

(Colo. App.), citing *Saavedra v. Schmidt*, 96 S.W.3d 533, 547-48 (Tex. App. 2002). See, R.C. 3217.09.

**{¶15}** Appellant essentially argues the trial court lacked subject matter jurisdiction because it failed to communicate with the California family court as contemplated by the UCCJEA. We disagree.

**{¶16}** While the trial court and the California family court arguably had concurrent jurisdiction, the trial court had jurisdiction to issue the DVCPO pursuant to R.C 3113.31(A)(2) and (B). Any potential error by the trial court in failing to communicate with the California family court did not deprive the trial court of its jurisdiction. Any potential error resulting from such failure would be an error in the trial court's exercise of its jurisdiction and would have been subject to direct appeal from the trial court's January 4, 2018 order granting Appellee's petition for the domestic violence civil protection order. Because Appellant failed to appeal the January 4, 2018 order, he is barred by res judicata from asserting this argument in his appeal from the trial court's denial of his motion for new trial.

**{¶17}**  Appellant's second assignment of error is overruled.

**{¶18}**  The judgment of the Perry County Court of Common Pleas is affirmed.


By: Hoffman, P.J.

Baldwin, J.  and

Wise, Earle, J. concur