612 P.2d 65

**Ruth Mary LOPER, Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF COCHISE, and the Honorable Lloyd C. Helm, a Judge thereof, and Joel Eli Loper, Real Party in Interest, Respondents.**

**No. 2 CA–CIV 3592.**

Court of Appeals of Arizona, Division 2.

May 20, 1980.

Arthur C. Atonna, P. C., Douglas, for petitioner.

Greenwood, Ryan & Herbolich, Ltd. by Wallace R. Hoggatt, Douglas, for respondent Real Party in Interest.

## OPINION

HOWARD, Judge.

This special action involves interpretation and application of provisions of the Uniform Child Custody Jurisdiction Act, A.R.S. Sec. 8–401, et seq., which became effective in this state September 3, 1978. Since we believe that the respondent court failed to fulfill its obligation in a pending child custody proceeding, we assume jurisdiction and grant relief.

Briefly, the procedural chronology is as follows. On December 11, 1979, Mr. Loper filed a petition for legal separation in the respondent court, requesting custody of a minor child of the parties. On December 18, 1979, Mrs. Loper filed a petition for divorce in Alaska, also asking for custody of minor child. Mr. Loper was served on Jan-

uary 2, 1980, with the Alaska process and on January 21, 1980, Mrs. Loper was served in Alaska with the Arizona summons and petition.

On January 28, 1980, Mrs. Loper filed a "Motion for Finding of Inconvenient Forum" in the Cochise County action. The motion alleged that a dissolution action was pending in Alaska, that both Arizona and Alaska had adopted the Uniform Child Custody Jurisdiction Act, and that Arizona was an inconvenient forum for the determination of child custody. The respondent court was requested to decline to exercise jurisdiction over the custody determination and to refer the matter to Alaska for further proceedings. Appended to the motion were copies of various documents filed in the Alaska proceeding. The motion alleged that application of the factors set forth in A.R.S. Sec. 8–407 supported a finding that Arizona should decline to exercise jurisdiction for the reason that Alaska was a more convenient forum. On February 4, a letter dated January 31, 1980, from the Alaska court was filed in Cochise County Superior Court. The letter, addressed to the respondent judge, stated that the Alaska case had been commenced December 18, 1979, and pursuant to the Alaska counterpart of the uniform act, the Alaska court was required to communicate with the court in any other state where a similar action was pending. The letter also stated:

"From the copies of pleadings submitted in the Arizona action furnished me by Mrs. Loper's Alaska counsel, I am unable to determine whether the Arizona action precedes the Alaska action and thus whether a stay as to custody is necessary here. Therefore, I have not made any recommendations on custody until I hear from your court."

The letter further stated that, "I have made a finding that Alaska has jurisdiction as the 'home state' of the child" and requested that any information concerning the Arizona court's proceedings be forwarded to a designated address.

On February 25, a hearing was conducted on the Motion for Finding of Inconvenient Forum at the conclusion of which the court found that it had jurisdiction over the parties insofar as custody of the minor child was concerned. The court directed preparation of a formal, written order and the minute entry states that the court would thereafter advise the court in Alaska of its action. The formal, written order filed March 17 denying Mrs. Loper's motion recites the court's finding "that the parties and their minor child established residence in Arizona on or about October 1, 1979, and that Petitioner and said minor child continue to reside and be domiciled in Arizona since that date and that by reason thereof this Court does have jurisdiction over the parties and over the minor child insofar as the custody of said minor child is concerned." We find nothing in the record showing that the Alaska court was furnished information concerning the Arizona proceedings, as requested by the Alaska court, either before or after the February 25 hearing.

■ The Uniform Child Custody Jurisdiction Act provides as the two major bases for jurisdiction (1) the child's home state or (2) the state having a significant connection with the child and his family. Arizona in unique in that of the 35 states which have adopted the act, it is the only one which has added domicile as a jurisdictional basis for custody determination. See 9 Uniform Laws Annot., at 125 (1979). The respondent court therefore does have jurisdiction under A.R.S. Sec. 8–403. Since the Arizona proceeding was pending when the Alaska dissolution action was filed, the Alaska court would be precluded from exercising its jurisdiction. *In re Custody of Rector,* 39 Colo.App. 111, 565 P.2d 950 (1977).

■ It would appear that the respondent judge concluded that Arizona had jurisdiction to make a custody determination because of domicile and, since the Arizona proceedings preceded the Alaska one, Arizona was not precluded from exercising its jurisdiction. While the letter from Alaska can be construed to indicate that a stay of the Alaska custody proceeding would be entered if Arizona were "first in time," the

respondent court's inquiry was not at an end. When it was informed by the Alaska court of the proceeding commenced there, it had an obligation to inform the Alaska court of the Arizona proceeding, "to the end that the issues may be litigated in the more appropriate forum." A.R.S. Sec. 8–406(C).

■ The purposes of the uniform act are to promote cooperation with courts of sister states and to eliminate forum-shopping. *Both v. Superior Court*, 121 Ariz. 381, 590 P.2d 920 (1979); see Annot. 96 A.L.R.3d 968 (1979). It contains extensive provisions for interstate cooperation in the form of transmission of information from one state to another. In *Green v. Green*, 87 Mich.App. 706, 276 N.W.2d 472 (1978), the court noted with approval that Texas and Michigan judges had followed the proper procedure for exchange of pertinent information. In *Irene R. v. Inez H.*, 96 Misc.2d 947, 410 N.Y.S.2d 53 (1978), although the court held that a Michigan decree had to be enforced in New York, it expressed concern that the Michigan court had not responded to the New York court's request for exchange of information and had not held the Michigan proceedings in abeyance pending the New York court's determination of whether it had jurisdiction. The commissioner's Note to section 6 of the uniform act, the counterpart of A.R.S. Sec. 8–406, states:

"Because of the havoc wreaked by simultaneous and competitive jurisdiction which has been described in the Prefatory Note, this section seeks to avoid jurisdictional conflict with all feasible means, including novel methods. Courts are expected to take an active part under this section in seeking out information about custody proceedings concerning the same child pending in other states. In a proper case jurisdiction is yielded to the other state either under this section or under section 7. Both sections must be read together.

When the courts of more than one state have jurisdiction under sections 3 or 14, priority in time determines which court will proceed with the action, but the application of the inconvenient forum principle of section 7 may result in the handling of the case by the other court.

While jurisdiction need not be yielded under subsection (a) if the other court would not have jurisdiction under the criteria of this Act, the policy against simultaneous custody proceedings is so strong that it might in a particular situation be appropriate to leave the case to the other court even under such circumstances." 9 Uniform Laws Annot., at 134.

■ A court's ruling on this issue of inconvenient forum is reviewable only for an abuse of discretion. *In re Marriage of Kern*, 87 Cal.App.3d 402, 150 Cal.Rptr. 860 (1978). However, in making a determination as to the proper forum, it should consider all relevant evidence. Id. The respondent court's statement that it had jurisdiction over the parties was no valid basis for denying Mrs. Loper's motion for finding of inconvenient forum. The uniform act generally concerns subject matter jurisdiction and not jurisdiction over the parties. *Smith v. Superior Court*, 68 Cal.App.3d 457, 137 Cal.Rptr. 348 (1977). Nor was physical presence of the father and child a sufficient basis for the exercise of jurisdiction. *Both v. Superior Court*, supra.

■ Under A.R.S. Sec. 8–407(C), the court is required to consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account, inter alia, whether another state is or recently was the home state, whether another state has a closer connection with the child and his family or with the child and one or more of the contestants, whether substantial evidence concerning the child's present or future care, protection, training and personal relationship is more readily available in another state, and whether the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in section 8–401. Subsection (D) of A.R.S. Sec. 8–407 provides for communication with the court of another state and the exchange of information pertinent to the assumption of jurisdiction by either court "with a view to assuring that jurisdiction will be exercised by the more

appropriate court." The Commissioner's Note to section 7 of the uniform act points out:

"Like section 6, this section stresses interstate judicial communication and cooperation. When there is doubt as to which is the more appropriate forum, the question may be resolved by consultation and cooperation among the courts involved." 9 Uniform Laws Annot. at 139.

■ We are of the opinion that the respondent court abused its discretion in denying petitioner's motion for a finding of inconvenient forum without first consulting and cooperating with the Alaska court, and acquiring all relevant evidence to resolve the question of whether Alaska or Arizona is the more appropriate forum.

The order denying petitioner's motion is hereby vacated and the matter remanded for further proceedings consistent with this opinion.

HATHAWAY, C. J., and RICHMOND, J., concur.