742 P.2d 1362

**In Re the Marriage of Sylvia A. TIS-CORNIA, Petitioner/Appellee,**

v.

**Gary W. TISCORNIA, Respondent/Appellant.**

**2 CA–CV 5983.**

Court of Appeals of Arizona, Division 2, Department B.

April 30, 1987.

Reconsideration Denied May 26, 1987.

Review Denied Sept. 15, 1987.

Jack J. Rappeport, Tucson, for petitioner/appellee.

Lansdale & Kneip by Jack L. Lansdale, Jr., Tucson, for respondent/appellant.

## OPINION

LIVERMORE, Presiding Judge.

The marriage of Gary and Sylvia Tiscornia was dissolved on November 9, 1983. The decree provided that the wife would have actual physical custody of their children until each child reached the age of thirteen, at which time physical custody would be given to the husband until each child reached majority. It was understood that the wife would move to France with the children shortly after the divorce and that the husband would move to Michigan. Three years later, the husband filed a motion in the superior court to modify visitation. The trial court declined to exercise jurisdiction and dismissed the motion. The husband appeals, claiming that the court erred in determining that Arizona was a forum non conveniens under the Uniform Child Custody Jurisdiction Act or, alternatively, that the court abused its discretion by failing to exercise jurisdiction. We affirm.

The Uniform Child Custody Jurisdiction Act, A.R.S. §§ 8–401 through 8–424 governs custody actions. Section 8–407(A) clearly provides that although an Arizona court may have jurisdiction, it may decline to exercise that jurisdiction under the doctrine of forum non conveniens. Section 8–407(C) provides factors for the court to consider in determining whether it should exercise its jurisdiction, among them the present location of the child's home, whether another state has a closer connection with the child and one or more of the parties, and whether information concerning the child's care, protection, training and personal relationships is more readily available in another state. Additionally, the

doctrine of forum non conveniens is applicable internationally through § 8–423. See *Plas v. Superior Court,* 155 Cal.App.3d 1008, 202 Cal.Rptr. 490 (1984).

Upon dismissal, the trial court found that the children and the parties had had no contact with Arizona for nearly three years, that the parties contemplated the wife's move to France at the time of the divorce, and that, while United States citizens, the children were now residents of France. These findings satisfied the requirements of A.R.S. § 8–407(C).

 Appellant cites *Middleton v. Middleton,* 227 Va. 82, 314 S.E.2d 362 (1984), in support of his contention that the court erred in declining to exercise jurisdiction under forum non conveniens where the foreign jurisdiction has not yet accepted jurisdiction. We disagree. While it is true that in *Middleton,* legal proceedings had been instituted in English courts as well as the Virginia court, that fact was not among those enumerated by the Virginia Supreme Court when it held that England, not Virginia, was the proper forum to decide the custody modification request. In *Middleton,* as in the instant case, the minor children had been living with the custodial parent in the foreign jurisdiction for many years, and the foreign jurisdiction had closer ties to the minor children and at least one of the parties. The court found those factors to be dispositive in determining the proper forum.

Further, the United States Supreme Court has recently held that a state's as well the federal interest is best served when, before exercising personal jurisdiction over a foreign party, a careful inquiry is made into the reasonableness of the assertion of jurisdiction by weighing the burden on the alien party against the minimal interests of the state. *Asahi Metal Industry Co. v. Superior Court,* —— U.S. ——, ——, 107 S.Ct. 1026, 1035, 94 L.Ed.2d 92 (1987). In the instant case, Arizona had minimal contacts with the matter at issue, and all factors militate against the court's exercising its jurisdiction. See *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1980); *Middleton v.*

*Middleton,* 227 Va. 82, 314 S.E.2d 362 (1984).

 As to appellant's contention that the court was required under § 8–407(H) after declining jurisdiction to communicate that fact to the foreign jurisdiction, we agree. The court is not, however, required to determine which French court is the appropriate one to resolve the custody dispute. When counsel for appellant ascertains to which French court he wants notice sent, the trial court should send it.

Finally, the decision regarding forum non conveniens under the Uniform Child Custody Jurisdiction Act is reviewable only for abuse of discretion. *Loper v. Superior Court,* 126 Ariz. 14, 612 P.2d 65 (App.1980). We find no abuse of discretion for the reasons stated above.

Affirmed.

HOWARD and LACAGNINA, JJ., concur.