941 P.2d 237

**In re the MARRIAGE OF Brenda Kay TONNESSEN, Petitioner/Appellee,**

and

**Peter Trygve Tonnessen, Respondent/Appellant.**

No. 2 CA–CV 96–0175.

Court of Appeals of Arizona, Division 2, Department A.

March 27, 1997.

Review Denied Aug. 12, 1997.*

Salese & McCarthy, P.C. by Kathleen A. McCarthy, Tucson, and Stompoly, Stroud, Giddings & Glicksman, P.C. by James L. Stroud, Tucson, for Petitioner/Appellee.

* Zlaket, C.J., and Feldman and Moeller, JJ., participated in the determination of this matter.

Haralambie & Owsley, P.C. by Ann M. Haralambie, Tucson, for Respondent/Appellant.

## OPINION

FLÓREZ, Presiding Judge.

Appellant Peter Tonnessen, a Colorado resident, contests the trial court's exercise of subject matter jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA), A.R.S. §§ 25–431 through 25–454.[1] We publish our resolution of this issue pursuant to *Fenn v. Fenn,* 174 Ariz. 84, 847 P.2d 129 (App.1993), and resolve the other issues raised on appeal by memorandum decision.

In November 1993, appellee commenced dissolution proceedings in Colorado, where she and appellant resided, stating in her petition that there were no children of the marriage and that she was not pregnant. After appellee moved to Arizona in February 1994, she discovered she was pregnant with twins. In March 1994, appellant amended his response in the Colorado action to request custody of the unborn children. The Colorado court entered stipulated temporary orders "vest[ing]" in appellee "custody of the infants upon their birth." The twins, M. and L., were born in Arizona on September 2, 1994.[2]

In June 1995, appellee filed a custody complaint in Arizona and moved under the UCCJA, in both Arizona and Colorado, to establish exclusive jurisdiction in Arizona. As grounds for the motions, appellee asserted that (1) Arizona is L.'s home state, (2) a Colorado decree determining custody would not be entitled to full faith and credit in Arizona under the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. § 1738A,[3] and (3) the parties could not confer subject matter jurisdiction on the Colorado court.[4]

After a telephone conference between the Colorado and Arizona judges, pursuant to current A.R.S. § 25–436(C), the Colorado judge agreed the Arizona court should assume jurisdiction. This order was affirmed on appeal. *In re Marriage of Tonnessen,* 937 P.2d 863 (Colo.App. 1996).

The Arizona judge entered a contemporaneous order, stating, in relevant part, that he and the Colorado judge had agreed "that under the Uniform Child Custody Jurisdiction Act which is the law of both Arizona and Colorado, Arizona is the home state of the minor child, L., born September 2, 1994." Appellant moved for reconsideration, which the court denied, finding "that the State of Colorado is not the home State of the children, that the State of Colorado was not acting in conformity with the UCCJA in assuming jurisdiction, and that the State of Colorado is not a more convenient forum." Appellant now challenges these findings on appeal.

■ "The UCCJA is a uniform act, adopted in some form by all 50 states, that establishes which court has subject matter jurisdiction in interstate child custody disputes." *J.D.S. v. Franks,* 182 Ariz. 81, 86, 893 P.2d 732, 737 (1995). Jurisdiction under the UCCJA is a question of law reviewed de novo. *Id.* at 89, 893 P.2d at 740.

■ Appellant asserts the court erred in finding that Arizona is L.'s home state. Section 25–432(5), A.R.S., defines "home state" as

the state in which the child immediately preceding the time involved lived with his parents, a parent or a person acting as parent for at least six consecutive months, and in the case of a child less than six months old the state in which the child lived from birth with any of the persons mentioned.

1. At the time of the proceedings below, the UCCJA was found at A.R.S. §§ 8–401 through 8–424.

2. A paternity test established that appellant is the biological father of only one of the twins, L. Thus, this appeal relates only to L.

3. On appeal, appellant concedes that, under the PKPA, "home state status is dispositive, even if

there are significant connections of the child to [another] [s]tate." *See* 28 U.S.C. § 1738A(c)(2)(B). *See also J.D.S. v. Franks,* 182 Ariz. 81, 893 P.2d 732 (1995). Because we find that Arizona has home state jurisdiction, we do not address jurisdiction under the PKPA.

4. The record does not contain a copy of appellant's response to the motions.

*See also* Colo.Rev.Stat. § 14–13–103(5). L. was born in Arizona and has never lived in any other state. Therefore, Arizona could properly exercise home state jurisdiction.

■ The inquiry does not end here, however, because the Arizona proceeding was not filed first. Under such circumstances, the question is not whether Arizona had jurisdiction but whether Colorado exercised its jurisdiction in substantial conformity with the UCCJA. *Franks,* 182 Ariz. at 91, 893 P.2d at 742. Colorado would be in substantial conformity if it met one of the jurisdictional requirements of the UCCJA; therefore, we must determine whether it met the requirements of Arizona's version of § 3 of the UCCJA. *Id.* at 90, 893 P.2d at 741.

Arizona's version of § 3, § 25–433, provides in pertinent part:

A. The superior court of the state of Arizona is vested with jurisdiction to make a child custody determination by initial or modification decree if any of the following apply:

1. This state is the domicile or the home state of the child at the time of commencement of the proceeding or had been the child's domicile or home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state.

2. It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships.

*See also* Colo.Rev.Stat. § 14–13–104.

Appellant argues that under § 25–433(A)(1), Colorado is L.'s home state "if *in utero* time is counted." He cites no authority for this argument, however, and we reject it. The statute does not contemplate the in utero period of time in determining domicile or home state; it contemplates a postnatal child. Further, although in a different context, we have previously rejected an attempt to include an unborn child within a statutory definition of "child" when the legislature has not specifically included the term in its definition. *See In re Pima County Juvenile Severance Action No. S–120171,* 183 Ariz. 546, 905 P.2d 555 (App.1995); *Reinesto v. Superior Court,* 182 Ariz. 190, 894 P.2d 733 (App.1995).

■ Appellant also claims that, under § 25–433(A)(2), significant connections exist for Colorado to exercise jurisdiction because of his presence there, as well as that of L.'s siblings, his children by a previous marriage. Subsection (A)(2) only applies, however, if the *child* and at least one contestant had a significant connection with Colorado; L. did not. *See, e.g., Nistico v. District Court,* 791 P.2d 1128, 1132 (Colo.1990) (argument that father's relatives live in Colorado "is unpersuasive in light of the absence of evidence in the record that a strong relationship exists between Colorado and [the child], or [the child] and his relatives on [father's] side of the family").

■ Appellant next argues that Arizona should have declined jurisdiction based on laches, waiver, or estoppel. These doctrines are irrelevant, however, when considering subject matter jurisdiction under the UCCJA, which only recognizes inconvenient forum or misconduct. A.R.S. §§ 25–437, 25–438. We review the court's determination on these factors for abuse of discretion. *Loper v. Superior Court,* 126 Ariz. 14, 612 P.2d 65 (App.1980). We find none here. Unlike *Loper,* in which the Arizona court failed to first consult and cooperate with the Alaska court about the appropriate forum, the trial court here followed the statutory procedure and conferred with the Colorado court before determining jurisdiction.

We find no error and therefore affirm the trial court's exercise of subject matter jurisdiction under the UCCJA.

DRUKE, C.J., and ESPINOSA, J., concur.