[Cite as *Mireles v. Veronie*, 2020-Ohio-3078.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

JOSEPH VAN BROCKLIN MIRELES

    Appellee

    v.

TRISH R. VERONIE

    Appellant

C.A. No.     19CA0050-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    16DR0512

DECISION AND JOURNAL ENTRY

Dated: May 26, 2020

CALLAHAN, Presiding Judge.

{¶1}    Appellant, Trish Veronie, appeals a judgment of the Medina County Court of Common Pleas, Domestic Relations Division, that allocated parental rights and responsibilities as part of a divorce decree. This Court reverses.

I.

{¶2}    Ms. Veronie ("Mother") and Joseph Van Brocklin Mireles ("Father") married on May 9, 2015, in Louisiana. For a brief period of time, Mother and Father resided in Ohio. By the time that Father filed a complaint for divorce on October 28, 2016, however, Mother had returned to Louisiana. Although Father's employment was based in Louisiana, Father remained in Ohio. The divorce complaint alleged that Mother was pregnant on the date of filing.

{¶3}    The parties' daughter, O.V., was born on February 11, 2017, in Louisiana. Genetic testing established Father's paternity. On June 1, 2017, the magistrate determined that under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), Louisiana was O.V.'s

home state and, as such, the trial court did not have jurisdiction to make an initial determination of the parties' parental rights and responsibilities. Father moved to set aside the magistrate's order, arguing that because the trial court had jurisdiction over Mother, jurisdiction over the unborn child was automatically established with the filing of the complaint for divorce. At the same time, Father filed an amended complaint that requested an allocation of parental rights and responsibilities with regard to O.V. On January 1, 2018, the trial court set aside the magistrate's order without considering the jurisdictional issue presented under the UCCJEA, reasoning:

> Notwithstanding the fact that the minor child was born in Louisiana and has lived there with Wife since her birth, the minor child was born as issue of the parties' marriage. Pursuant to R.C. 3105.21(A), "[u]pon satisfactory proof of the cause in the complaint for divorce * * * the court of common pleas *shall make an order* for the disposition, care, and maintenance of the children of the marriage[.]" (Emphasis added). Accordingly, the Court finds that not only does it have jurisdiction, but that it is also obligated, by statute, to make an order for the disposition, care and maintenance of the child, as in the child's best interests, and in accordance with R.C. 3109.04.

(Emphasis and alternations in original.) The case proceeded to an uncontested divorce hearing before the magistrate, who recommended that Father be designated the residential parent and legal custodian of O.V. and determined an initial schedule for parenting time. The trial court adopted the magistrate's decision and entered judgment on the same date pursuant to Civ.R. 53(D)(4)(e)(i). Mother objected to the magistrate's decision, arguing that the trial court erred by exercising jurisdiction to make an initial determination of custody under the UCCJEA and that Father did not file an affidavit under UCCJEA.

{¶4} The trial court overruled Mother's objections to its exercise of jurisdiction to allocate parental rights and responsibilities, concluding that O.V. did not have a home state as defined by the UCCJEA, and reasoning that she "had not lived with a parent in either Ohio or Louisiana for at least six consecutive months immediately preceding the commencement of the

proceeding" because she had not been born when the proceeding commenced. The trial court then determined that it could exercise jurisdiction over O.V. because Father "had and continues to have significant connection[s] with the State of Ohio" and "but for Mother's refusal to follow the orders of this Court, [O.V.] would undoubtedly have an even stronger, more significant connection with Ohio." The trial court also permitted Father to file a custody affidavit, as required by the UCCJEA, after the fact. The trial court designated Father as the residential parent, awarded long-distance parenting time to Mother, and ordered Mother to pay child support to Father. Mother filed this appeal.

## II.

### ASSIGNMENT OF ERROR NO. 1

[THE] TRIAL COURT ABUSED ITS DISCRETION WHEN IT RULED THAT OHIO HAS JURISDICTION OVER THE MINOR CHILD ALLOWING THE TRIAL COURT TO ALLOCATE PARENTAL RIGHTS AND RESPONSIBILITIES WHEN THE MINOR CHILD WAS BORN IN LOUISIANA AND HAS NEVER BEEN TO OHIO[.]

{¶5} In her first assignment of error, Mother argues that the trial court erred by determining that O.V. did not have a home state under the UCCJEA and, in the alternative, that the trial court erred by determining that O.V. had significant connections with the State of Ohio.

{¶6} "The UCCJEA, codified in Ohio at R.C. Chapter 3127, gives jurisdictional priority and exclusive continuing jurisdiction to the courts of a child's 'home state.'" *C.H. v. O'Malley*, 158 Ohio St.3d 107, 2019-Ohio-4382, ¶ 13, quoting *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, ¶ 21. Determinations under the UCCJEA are matters of subject matter jurisdiction. *Ball v. Meier*, 9th Dist. Summit Nos. 26079, 26109, 2012-Ohio-5864, ¶ 13. *See also Rosen* at ¶ 44 ("[T]his is not a mere error in the exercise of jurisdiction; it is a defect in the Ohio court's subject-matter jurisdiction."). As a general rule, this Court reviews issues related to subject

matter jurisdiction de novo. *Weber v. Devanney*, 9th Dist. Summit Nos. 28876, 28938, 2018-Ohio-4012, ¶ 11, citing *Falah v. Falah*, 9th Dist. Medina No. 15CA0039-M, 2017-Ohio-1087, ¶ 8. Although this Court has applied an abuse of discretion standard in some cases addressing the exercise of jurisdiction under the UCCJEA, we review a trial court's threshold determination regarding whether it has subject matter jurisdiction de novo. *See Johnson v. Kelly*, 10th Dist. Franklin No. 14AP-1037, 2015-Ohio-2666, ¶ 13-14.

{¶7} The UCCJEA defines an "initial determination" of custody as "the first child custody determination concerning a particular child." R.C. 3127.01(B)(8). A "child custody determination," in turn, is "a judgment, decree, or other order of a court that provides for legal custody, physical custody, parenting time, or visitation with respect to a child." R.C. 3127.01(B)(3). It includes "an order that allocates parental rights and responsibilities" in "permanent, temporary, initial, and modification orders." *Id.* Divorce involving a minor child is a child custody proceeding for purposes of the UCCJEA. R.C. 3127.01(B)(4). The jurisdiction granted to a domestic relations court to allocate parental rights and responsibilities by statute does not trump application of the UCCJEA. To the contrary, "the mere fact that the Ohio court has basic statutory jurisdiction to determine custody matters in legal-separation and divorce cases * * * does not preclude a more specific statute like R.C. 3127.15 [the UCCJEA] from patently and unambiguously divesting the court of such jurisdiction." *Rosen* at ¶ 46, citing *State ex rel. Kaylor v. Bruening*, 80 Ohio St.3d 142, 146 (1997). *See*, *e.g.*, *Berube v. Berube*, 5th Dist. Stark No. 2017CA00102, 2018-Ohio-828 (concluding that an Ohio court lacked jurisdiction to determine custody issues in a divorce case because another state had home-state jurisdiction under the UCCJEA). *See also In Interest of D.S.*, 555 S.W.3d 301, 319 (Tex.App.2018), citing *In re Dean*, 393 S.W.3d 741, 746-747 (Tex.2012) and *Seligman-Hargis v. Hargis*, 186 S.W.3d 582, 586

(Tex.App.2006) ("A trial court can have jurisdiction over a divorce proceeding, but not have jurisdiction over child custody determinations under the UCCJEA.").

{¶8} Ohio and Louisiana have adopted the UCCJEA. *See generally* R.C. Chapter 3127; La. Rev.Stat.Ann. 13:1801 *et seq.* Under the UCCJEA an Ohio court has jurisdiction to make an initial determination of custody when Ohio "is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state." R.C. 3127.15(A)(1). Apart from jurisdiction under R.C. 3127.15(A)(1), an Ohio Court may also make an initial determination when:

> (2) A court of another state does not have jurisdiction under division (A)(1) of this section or a court of the home state of the child has declined to exercise jurisdiction on the basis that this state is the more appropriate forum under section 3127.21 or 3127.22 of the Revised Code, or a similar statute of the other state, and both of the following are the case:
>
> (a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.
>
> (b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.
>
> (3) All courts having jurisdiction under division (A)(1) or (2) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under section 3127.21 or 3127.22 of the Revised Code or a similar statute enacted by another state.
>
> (4) No court of any other state would have jurisdiction under the criteria specified in division (A)(1), (2), or (3) of this section.

R.C. 3127.15(A)(2)-(4). The Supreme Court of Ohio has recognized that "the UCCJEA, as codified in Ohio, provides four types of initial child-custody jurisdiction: home-state jurisdiction, significant-connection jurisdiction, jurisdiction because of declination of jurisdiction, and default jurisdiction." *Rosen* at ¶ 31. These four bases for jurisdiction, however, are not merely

alternatives: they recognize that "[t]he UCCJEA * * * gives jurisdictional priority and exclusive continuing jurisdiction to the courts of the child's 'home state.'" *State ex rel. M.L. v. O'Malley*, 144 Ohio St.3d 553, 2015-Ohio-4855, ¶ 12, quoting *Rosen* at ¶ 21.

{¶9} The starting point for our analysis, therefore, is to determine whether O.V. had a home state and, if so, whether the home state was Ohio or Louisiana. The term "home state" is defined by R.C. 3127.01(B)(7):

> "Home state" means the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately preceding the commencement of a child custody proceeding and, if a child is less than six months old, *the state in which the child lived from birth with any of them.* A period of temporary absence of any of them is counted as part of the six-month or other period.

(Emphasis added.) The challenge presented by this case is the application of this definition to the description of jurisdiction in R.C. 3127.15(A)(1), which, as noted above, provides that an Ohio court has jurisdiction to make an initial determination of custody when Ohio "is the home state of the child on the date of the commencement of the proceeding." The UCCJEA does not explicitly address application of these principles when a proceeding is initiated before the birth of the child. Our analysis must, therefore, be guided by the overarching purposes of the UCCJEA, which include "strengthening the certainty of home state jurisdiction." *Rosen* at ¶ 38. With respect to the relationship between R.C. 3127.15(A)(1) and the definition of "home state" set forth in R.C. 3127.01(B)(7), we are also guided by the principle that "a court must read all statutes relating to the same general subject matter together, in a manner that gives proper force and effect to each one." *State v. Bryant*, Slip Opinion No. 2020-Ohio-1041, ¶ 26, citing *United Tel. Co. of Ohio v. Limbach*, 71 Ohio St.3d 369, 372 (1994). *Compare Ex parte Siderius*, 144 So.3d 319, 325 (Ala.2013) (resolving an "apparent conflict" between two home-state provision of the UCCJEA

"in keeping with the purposes of the UCCJEA, by applying the construction that finds the existence of a home state, rather than the one that finds that the children had no home state.").

{¶10} When considering this question under the UCCJEA, this Court must give consideration "to the need to promote uniformity of law with respect to [the] subject matter among states that enact a uniform child custody jurisdiction and enforcement act." R.C. 3127.51. The decisions reached by other states should, therefore, inform our analysis.

{¶11} Because jurisdiction under the UCCJEA to make an initial determination of custody, as under R.C. 3127.15(A)(1), focuses on the date that the proceeding is commenced, courts that have considered similar questions have begun their analysis by considering whether the UCCJEA purports to grant courts jurisdiction over unborn children. *See*, *e.g.*, *Fleckles v. Diamond*, 2015 Il App (2d) 141229, ¶ 52, 2015 35 N.E.3d 176, 188-189 (Ill.App.2015); *Gray v. Gray*, 139 So.3d 802, 807 (Ala.App.2013); *Arnold v. Price*, 365 S.W.3d 455, 460-461 (Tex.App.2011); *Waltenburg v. Waltenburg*, 270 S.W.3d 308, 316 (Tex.App.2008); *In re Marriage of Tonnessen*, 189 Ariz. 225, 941 P.2d 237, 239 (Ariz.App.1997). *See also Sara Ashton McK. v. Samuel Bode M.*, 111 A.D.3d 474, 475 (N.Y.App.2013); *Arkansas Dept. of Human Servs. v. Cox*, 349 Ark. 205, 82 S.W.3d 806, 812-813 (Ark.2002). Reasoning that because the plain language of the UCCJEA defines a child as "an individual who has not attained eighteen years of age[,]" courts have concluded that the UCCJEA does not authorize the exercise of jurisdiction over an unborn child. *Waltenburg* at 316. *Compare* R.C. 3127.01(B)(2). "The [UCCJEA] does not contemplate the in utero period of time in determining domicile or home state; it contemplates a postnatal child." *In re Marriage of Tonnessen* at 239.

{¶12} For this reason, courts have concluded that the home state of a child who was unborn at the commencement of proceedings for divorce cannot be determined with reference to

that date. *Gray* at 808; *Arnold* at 461. Instead, recognizing that the UCCJEA defines "home state" for a child of less than six months old as the state in which the child has lived from birth with either parent, courts have concluded that under these circumstances, a determination of jurisdiction should be deferred until the date of the child's birth. *Fleckles* at ¶ 52; *Gray* at 808; *Arnold* at 461.

{¶13} This result acknowledges that all parts of the UCCJEA should be read in such a way as to give meaning to the whole and recognizes the preference for a construction "that finds the existence of a home state, rather than the one that finds that [a child has] no home state." *Ex parte Siderius*, 144 So.3d at 325. It is also consistent with the only relevant Ohio precedent. In *E.B. v. R.F.*, 6th Dist. Erie No. E-11-045, 2012-Ohio-388, the father of an unborn child filed a paternity action in Arizona before the child's birth. *Id*. at ¶ 3. After the child's birth, the mother initiated a parenting proceeding in Ohio. *Id*. at ¶ 4. The trial court determined that the court in Arizona had jurisdiction, and the mother appealed. *Id*. at ¶ 4-5. Recognizing that R.C. 3127.01(B)(7) defines "home state" as the state in which a child under six months of age has lived with either parent since birth, the Court determined that "Arizona cannot be [the child's] home state. Ohio is [the child's] home state." *Id.* at ¶ 10-11.

{¶14} In this case, the trial court concluded that *E.B.* is distinguishable because the parenting proceeding in that case arose under R.C. 3109.042. As noted above, however, the jurisdictional requirements of the UCCJEA apply regardless of the statute that governs the proceeding at hand. *See Rosen*, 117 Ohio St.3d 241, 2008-Ohio-853, at ¶ 44, 46. Although the facts are distinguishable in some respects, the principle espoused by the Sixth District applies with equal force in this case: O.V. was born in Louisiana and lived with Mother there from the date of her birth, so Louisiana is O.V.'s "home state" as defined by R.C. 3127.01(B)(7). Ohio cannot be her home state. *See E.B.* at ¶ 11. Stated differently, the UCCJEA could not be applied to determine

O.V.'s home state when this proceeding was commenced because she had not yet been born. *See Gray* at 808; *Arnold* at 461. In order to give meaning to both R.C. 3127.01(B)(7) and R.C. 3127.15(A)(1), and consistent with the purposes of the UCCJEA, a determination of O.V.'s home state should have been deferred until her birth. *See Fleckles* at ¶ 52; *Gray* at 808; *Arnold* at 461. At that point, pursuant to R.C. 3127.01(B)(7), Louisiana was O.V.'s home state because she had lived there with her mother from the date of her birth.

{¶15} Accordingly, this Court concludes that the trial court erred by determining that O.V. did not have a home state under the UCCJEA. It follows that it was also unnecessary for the trial court to analyze this case under the framework of significant-connections jurisdiction. *See* R.C. 3127.15(A); *State ex rel. M.L.*, 144 Ohio St.3d 553, 2015-Ohio-4855, at ¶ 12. Mother's first assignment of error is sustained.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ABUSED ITS DISCRETION IN RULING THAT FATHER'S (APPELLEE) FAILURE TO FILE AN [*SIC*] UCCJEA AFFIDA[VI]T IN THE PARENTAL RIGHTS AND RESPONSIBILITIES PROCEEDING WAS NOT FATAL TO THE TRIAL COURT'S EXERCISE OF JURISDICTION OVER THE PROCEEDING; THEN ALLOWING FATHER TO FILE AN [*SIC*] UCCJEA AFFIDAVIT WITHIN 14 DAYS AFTER THE FINAL JUDGMENT ENTRY ON OBJECTIONS (OVER ONE [1] YEAR AFTER THE FINAL JUDGMENT ENTRY OF DIVORCE[).]

## ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ABUSED ITS DISCRETION IN RULING THAT FATHER (APPELLEE) DID NOT NEED TO SEEK LEAVE FROM THE TRIAL COURT TO FILE AN AMENDED COMPLAINT TO INCLUDE A COMPLAINT FOR PARENTAL RIGHTS AND RESPONSIBILITIES[.]

## ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT ABUSED ITS DISCRETION IN RULING THAT DEFENDANT WAS NOT DENIED DUE PROCESS TO BE HEARD AT TRIAL REGARDING PARENTAL RIGHTS AND RESPONSIBILITIES[.]

**ASSIGNMENT OF ERROR NO. 5**

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED CUSTODY TO FATHER (APPELLEE) AS THE RULING IS AGAINST THE MANIFEST WEIGHT OF EVIDENCE[.]

{¶16} In her second, third, fourth, and fifth assignments of error, Mother argues that the trial court abused its discretion in the exercise of jurisdiction in this case. Because this Court has determined that the trial court lacked subject matter jurisdiction, however, these assignments of error are moot. *See* App.R. 12(A)(1)(c).

III.

{¶17} Mother's first assignment of error is sustained. Her second, third, fourth, and fifth assignments of error are moot. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is reversed. This matter is remanded to the trial court for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, J.
CONCURS.

CARR, J.
DISSENTING.

{¶18} I respectfully dissent from the judgment of the majority as I would affirm the trial court's well-reasoned judgment.

{¶19} With respect to Mother's first assignment of error, I would conclude that the trial court properly concluded that O.V. did not have a home state under the UCCJEA and that, pursuant to R.C. 3127.15(A)(2), the trial court had jurisdiction to make the initial determination with respect to the allocation of parental rights and responsibilities for the child.

{¶20} R.C. 3127.15(A)(1) states that, "a court of this state has jurisdiction to make an initial determination in a child custody proceeding only if * * * [t]his state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state." Pursuant to R.C. 3127.01(B)(5), "'[c]ommencement' means the filing of the first pleading in a proceeding." Thus, in this case, commencement occurred prior to O.V.'s birth. Under R.C. 3127.01(B)(7), "'[h]ome

state' means the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately preceding the commencement of a child custody proceeding and, if a child is less than six months old, the state in which the child lived from birth with any of them. A period of temporary absence of any of them is counted as part of the six-month or other period."

{¶21} Given the foregoing, at the time of the commencement of the proceeding, because O.V. was not yet born, O.V. also did not have a home state. *See* R.C. 3127.01(B)(7); *see also Barwick v. Ceruti*, 31 N.E.3d 1008, 1014 (Ind.App. 2015) (stating that, "where, as here, a parent files his or her petition before the child is born, the child does not have a home state when the proceedings were commenced * * *."). Nonetheless, Ohio would have jurisdiction to make an initial determination in a child custody proceeding if:

> A court of another state does not have jurisdiction under division (A)(1) of this section or a court of the home state of the child has declined to exercise jurisdiction on the basis that this state is the more appropriate forum under section 3127.21 or 3127.22 of the Revised Code, or a similar statute of the other state, and both of the following are the case:
>
> The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.
>
> Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

R.C. 3127.15(A)(2)

{¶22} Mother has not demonstrated that the trial court erred in determining that Father and the child have a significant connection with Ohio and that substantial evidence is available concerning the factors in R.C. 3127.15(A)(2)(b). The parties both resided in Ohio from May 2015 through July 2016 and Father continues to reside here. The child was conceived during the parties' time in Ohio. The trial court noted that even though the child had not yet been brought to Ohio,

that was solely due to actions or inactions of Mother. Mother refused to allow Father to see the child and refused to name Father on the child's birth certificate. Mother refused to follow a court order that required her to bring the child with her to Ohio. Moreover, Mother engaged in extremely deceitful behavior. Mother informed Father that she had placed the child up for adoption when she had not and also told Father that the child had a heart condition that required emergency surgery when the child did not. Essentially, it was Mother's inappropriate conduct that caused the child to spend her entire life outside of Ohio. Such conduct should not be encouraged or rewarded; in fact, there are provisions in the statutory scheme targeted at remedying situations where "unjustifiable conduct" leads to a trial court acquiring jurisdiction. *See* R.C. 3127.22(A); R.C. 3127.22(D) (defining "unjustifiable conduct" as "conduct by a parent or that parent's surrogate that attempts to create jurisdiction in this state by removing the child from the child's home state, secreting the child, retaining the child, or restraining or otherwise preventing the child from returning to the child's home state in order to prevent the other parent from commencing a child custody proceeding in the child's home state"). Accordingly, I would conclude the trial court did not err in determining its jurisdiction.

APPEARANCES:

KRISTOPHER K. AUPPERLE, Attorney at Law, for Appellant.

CAMERON B. PEDRO, Attorney at Law, for Appellee.